## FRED J. DUNNING

### *vs.*

## THE MASSACHUSETTS MUTUAL ACCIDENT ASSOCIATION.

### Sagadahoc.    Opinion December 15, 1904.

*Insurance.    Health Policy.    Construction.*

Under a policy of insurance against accident and disease, where the conditions of the policy respecting "indemnity for sickness" were as follows, viz :  "A disability resulting from sickness or disease in order to constitute a claim, must be continuous, complete and total, requiring absolute and necessary confinement to the house (except as provided under Benefit No. 15), and unless the period of total disability under the health provisions shall continue for four or more weeks, no claim shall be allowed for the first seven days' disability, and the sickness or disease shall be such as shall, independently of all other causes, continuously and wholly disable and prevent the insured from attending to any business or duties pertaining to his occupation, profession or other remunerative employment."
*Held:*

1.  "Absolute and necessary confinement to the house" is made by such a contract an indispensable criterion of the disability which will entitle the insured to the indemnity, and hence a condition precedent to the right to recover.

2.  So in regard to "Convalescent indemnity", "if the insured has been confined to the house for seven consecutive days and is thereafter permitted to leave the house by the physician in charge", one half of the indemnity is recoverable.  The defendant company had a right to frame its health policy upon the assumption that confinement to the house would be found so tedious and irksome that few would submit to it except under compulsion of a severe illness.

3.  The defendant company had a right to make "absolute and necessary confinement to the house" a conclusive test of the disability, and a condition precedent to the right of recovery.  It had inserted this condition in the contract in plain and unambiguous language, and no principle of public policy is thereby contravened.  To hold that this requirement is not a condition precedent is to defeat the obvious intention disclosed by the terms employed, and to substitute for the plaintiff's policy a contract not made by the parties.

On report.    Judgment for defendant.

Action of debt on a policy of insurance issued by defendant company against accident and disease. The case was reported from the Supreme Judicial Court, for Sagadahoc County.

The facts are stated in the opinion.

*C. E. Sawyer,* for plaintiff.

*Franklin C. Payson and H. R. Virgin,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WHITEHOUSE, J.   This is an action of debt on a policy of insurance against accident and disease, in which the plaintiff seeks to recover the sum of $108, being an indemnity of $12 per week for nine weeks, on account of a disability resulting from iritis. The case comes to this court on report.   The policy bears date October 8, 1902.

It is not in controversy that the plaintiff suffered from iritis, or inflammation of the membrane of the eye called the iris, but it is contended in behalf of the company that his illness was not such as to be comprised in the terms of the policy giving an indemnity for loss arising from disease.

Benefit numbered 13 under the "Health Provisions" of the policy promises a weekly indemnity of $12 for not exceeding twenty-six consecutive weeks for loss through any of the extended list of diseases there specified including "Iritis (primary)."   But the insured expressly agreed in the application "to accept said policy subject to all of its conditions, agreements and provisions," and the conditions of the policy respecting the "indemnity for sickness" are as follows, viz: "A disability resulting from sickness or disease in order to constitute a claim, must be continuous, complete and total, requiring absolute and necessary confinement to the house (except as provided under Benefit No. 15), and unless the period of total disability under the health provisions shall continue for four or more weeks, no claim shall be allowed for the first seven days' disability, and the sickness or disease shall be such as shall, independently of all other causes, continuously and wholly disable and prevent the insured from attend-

ing to any business or duties pertaining to his occupation, profession or other remunerative employment." Benefit No. 15, under the title of "Convalescent indemnity," provides that "if the insured has been confined to the house for seven consecutive days and is thereafter permitted to leave the house by the physician in charge, the Association will pay one half of the weekly indemnity for sickness, for a period not exceeding two weeks."

It has been seen, however, that the plaintiff is not seeking to recover the convalescent indemnity provided by benefit 15, but the full indemnity provided in benefit 13, under which the "disability from sickness or disease in order to constitute a claim, must be continuous, complete and total, requiring absolute and necessary confinement to the house."

It is contended in behalf of the defense that "absolute and necessary confinement to the house" is made by the contract an indispensable criterion of the disability which will entitle the insured to the indemnity, and hence a condition precedent to the right of recovery in the action.

The plaintiff does not claim that his disability was such as to require "absolute and necessary confinement to the house," or that he was in fact confined to the house continuously during the time for which he asks the indemnity, or during the first seven days or any other seven consecutive days of his illness.  But it is contended in his behalf that his affliction was such as to " disable and prevent him, continuously and wholly, from attending to any business or duties pertaining to his occupation, profession or other remunerative employment," and that such a disability entitles him to the indemnity promised in benefit 13, although not such as to "require absolute and necessary confinement to the house." It is furthermore insisted that there is no case of iritis which in any degree of severity or at any stage of its progress "requires absolute and necessary confinement to the house," and that if this requirement in the policy is to be construed as a condition precedent to the right of recovery, the promise of indemnity for that disease upon such a condition would be entirely nugatory and delusive.

It must be admitted that if confinement to the house would not be

proper treatment for any case of iritis, the two clauses in the policy providing an indemnity for that disease, and at the same time imposing a condition of absolute confinment to the house, would be mutually destructive and render the contract justly amenable to the plaintiff's criticism.

Upon this question there is an apparent conflict in the testimony of the two experts who appeared as witnesses in the case. The plaintiff's witness states that he doesn't recollect that he ever saw a case or read of a case of iritis where confinement to the house was absolutely necessary. On the other hand, the expert for the defense testifies that cases of iritis exist in different degrees of severity and may conveniently be classified as mild, severe, and very severe; that in the first, and sometimes in the second class of cases, the patient may protect the eye by the use of colored glasses and go into the open air without injury; but in the third degree he should never go out of the house for the reason that all attempts to exclude the light by the use of cotton under colored glasses, or other similar means, involve pressure upon the inflamed tissue and an injury to the lids which should simply lie by their own weight and wink as nature intended. He states that he has seen many cases of iritis that required absolute confinement to the house.

When, therefore, the proposition set up by the plaintiff, that there is no case of iritis requiring absolute confinement to the house, is examined in the light of the positive testimony and subjected to the test of sound reason, it cannot be regarded as established by the evidence in this case. But it is conceded, as before stated, that the plaintiff's case was not such as to require absolute confinement to the house, and he appears to have made a good recovery without it. This provision of the policy must therefore be accepted as a valid one.

In *Paper Co.* v. *Fidelity & Casualty Co.*, 92 Maine, 574, the court say: "It must be remembered, in the first place, that this policy of insurance is a contract of indemnity in which the parties have a legal right to insert any conditions and stipulations which they deem reasonable or necessary, provided no principle of public policy is thereby contravened. Like all other contracts it is to be

construed in accordance with its general scope and design and the real intention of the parties as disclosed by an examination of the whole instrument. *Philbrook* v. *N. E. Mut. Fire Ins. Co.*, 37 Maine, 146; *Blinn* v. *Dresden Mut. Fire Ins. Co.*, 85 Maine, 390. In case of ambiguity, or inconsistency, it is often said that the court will give the policy a construction most favorable to the assured, for the reason that as the insurer makes the policy and selects his own language he is presumed to have employed terms which express his real intention. *Wood on Fire Ins.*, 128, and cases cited. But, as remarked by the court in *Imperial Fire Ins. Co.* v. *Coos Co.*, 151 U. S. 452, for the purpose of safeguarding this rule against abuse of its application, it should be considered in connection with another rule equally well settled, 'that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used; and if they are clear and unambiguous, these terms are to be taken and understood in their plain and ordinary sense.'"

At page 587 the court further says: "Whether the interests of the assured are in all respects sufficiently guarded by the stipulations in the contract, it is unnecessary to consider. These corporations had the same right that individuals have to make their own contract. The court has no power to add to it or take from it. The function of the court is to interpret it, not to make it."

An examination of the several clauses relating to "indemnity for sickness" in comparison with all the other provisions of the policy, leaves no room for doubt that "absolute and necessary confinement to the house" was intended to be a conclusive test of liability, and not merely an evidentiary fact bearing upon the question of sickness.

The second condition in the same clause has significance upon this question, viz: "Unless the period of total disability under the health provisions shall continue for four or more weeks, no claim shall be allowed for the first seven days' disability." So in regard to "Convalescent indemnity," "if the insured has been confined to the house for seven consecutive days and is thereafter permitted to leave the house by the physician in charge," one-half of the indemnity is recoverable. These several conditions recognize the fact that

the moral hazard is undoubtedly much greater in health insurance than in accident insurance, for the obvious reason that in a large proportion of cases of disease the symptoms are only subjective, while in cases of accident the evidence is more commonly objective. They recognize the fact that with unguarded health policies, slight illnesses may tempt the insured to seek relaxation from ordinary labor at the expense of the company. In order therefore that the premium rates may not be so high as to be essentially prohibitive, and as a matter of justice to all of the policy holders, a mutual association is compelled to safeguard its health policies against the danger of all such malingering by making the contract expressly subject to certain absolute requirements and conditions. The defendant company had a right to frame its health policy upon the assumption that confinement to the house would be found so tedious and irksome that few would submit to it except under compulsion of a severe illness. It had a right to make "absolute and necessary confinement to the house" a conclusive test of the disability, and a condition precedent to the right of recovery. It has inserted this condition in the contract in plain and unambiguous language, and it is not suggested that any principle of public policy is thereby contravened. To hold that this requirement is not a condition precedent is to defeat the obvious intention disclosed by the terms employed, and to substitute for the plaintiff's policy a contract not made by the parties.

It is accordingly the opinion of the court that the entry must be,

*Judgment for the defendant.*