IRVING SHULKIN *vs.* THE TRAVELERS INDEMNITY COMPANY.

Suffolk.    December 2, 1928. — May 28, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Burglary.   *Evidence,* Presumptions and burden of proof.

A policy of insurance in favor of the owner of a store against loss "by burglary . . . occasioned by any person or persons making felonious entry into the premises by actual force and violence when the premises are not open for business of which force and violence, there shall be visible marks made upon the premises at the place of such entry by tools, explosives, electricity or chemicals" in terms required, in case a loss occurred, that "Affirmative proof of loss or damage under oath" must be furnished on forms provided by the insurer containing among other things "(3) reasonable evidence of the commission of a burglary, as aforesaid, to which the loss or damage was due and of the time of its occurrence." At the trial of an action upon the policy, the plaintiff introduced evidence that there were lines scratched upon the lock underneath the catch and not on the outside of a door through which he contended that entry had been made. It appeared that the door closed into its casing in such a way that an instrument inserted from the outside could not possibly make such marks upon the lock as were described without making marks on the outside casing. All witnesses agreed that no such marks on the outside casing appeared. A verdict was ordered for the defendant. *Held,* that

(1) The presence of scratches which the plaintiff and his witnesses described, if any such existed, could be accounted for in various ways, but in no way consistent with forcible entry by tools from outside the premises;

(2) There was no evidence to justify a finding for the plaintiff, and the order directing a verdict for the defendant was right.

CONTRACT upon a policy of burglary insurance. Writ dated December 14, 1927.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. I. Rosenberg,* for the plaintiff.

*W. I. Badger,* for the defendant.

WAIT, J. This is an action upon a policy of burglary insurance. The policy in terms required, in case a loss oc-

curred, that "Affirmative proof of loss or damage under oath" must be furnished on forms provided by the insurer containing among other things "(3) reasonable evidence of the commission of a burglary, as aforesaid, to which the loss or damage was due and of the time of its occurrence." The insurance was confined to "Loss by burglary . . . occasioned by any person or persons making felonious entry into the premises by actual force and violence when the premises are not open for business of which force and violence, there shall be visible marks made upon the premises at the place of such entry by tools, explosives, electricity or chemicals."

It was essential to the plaintiff's case that he should establish that a loss had occurred which was within the terms of the policy; and that he had made proper proofs of his loss, or had been legally excused from furnishing such proof. There was no dispute that goods had disappeared from his store, and that the insurer furnished forms for proof of loss which the plaintiff signed, made oath to, and returned within the required time to the insurer. Nor was it disputed that the proof when signed and sworn to by the plaintiff either made no answer in regard to the manner in which entry was made to the premises, or else contained the words "No evidence of forcible entry. Thief apparently used key to open door." The plaintiff testified that the proof was blank in this regard when he signed it. The form bearing his signature and oath, when it was produced in court, bore also the words quoted. Unless signs of a forcible entrance existed, no payment was due. The plaintiff introduced evidence that there were lines scratched upon the lock underneath the catch and not on the outside of the door which had been seen the morning of the alleged burglary, but that no one had pointed them out to representatives of the insurer who were at the premises nor to the police who investigated. Both investigator and police testified that they had examined the door and found no marks. The door closed into its casing in such a way that an instrument inserted from the outside could not possibly make such marks upon the lock as were described without making marks on the outside casing. All witnesses

agreed that no such marks appeared. No finding that "visible marks made upon the premises at the place of such entry by tools, explosives, electricity or chemicals" could be made upon such evidence. The presence of scratches which the plaintiff and his witnesses described, if any such existed, can be accounted for in various ways, but in no way consistent with forcible entry by tools from outside the premises. No new or important question of law is involved. There was no evidence to justify a finding for the plaintiff. The order directing a verdict for the defendant was right.

*Exceptions overruled.*