## Princess Ring Co., Inc. *vs.* Home Insurance Co.

### JULY 8, 1932.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Sweeney, J. This action of the case in assumpsit is brought to recover the value of jewelry stolen from plaintiff's agent. The case was tried by the presiding justice of the Superior Court without the intervention of a jury. He rendered decision for the plaintiff for $33,935.34. The case is before this court on defendant's exceptions. The only exception necessary to be considered is the one to the refusal of the court to render decision for the defendant because plaintiff did not comply with the requirements of the policy. The undisputed facts present a question of law.

Plaintiff is a corporation engaged in the wholesale jew-

elry business in Providence and New York City. Defendant insured plaintiff for one year from March 14, 1930, against loss of jewelry by theft to the amount of $50,000, subject to the terms and conditions contained in the insurance policy.

June 11, 1930 jewelry of the value of $34,415.49 was stolen from the automobile of plaintiff's agent in the city of New York. Plaintiff's evidence showing the theft of the jewelry was as follows: Harvey Epstein, a permanent employee of plaintiff, testified that about 9:30 o'clock a. m. he left the plaintiff's office on 48th street and drove his automobile uptown to call on his brother Milton, who lived on Harrison avenue in the Bronx, intending to take him to see a prospective customer; that upon leaving the office he placed two telescope cases containing jewelry in a locked compartment in the automobile; that when he arrived on Harrison avenue he parked the automobile about ten feet from the entrance to the apartment house where his brother lived, turned off the ignition and left the key in the switch; that his brother's father-in-law, Mr. Mark, was sitting on the ledge watching his grandchild playing; that he asked Mr. Mark to watch the car while he went to ring the bell to summon his brother; that he saw Mr. Mark lean against the car with his elbow inside the window of the car; that he walked about forty feet into the courtyard; that just as he started to ring the bell he heard Mr. Mark call; that he ran out to his car and saw a strange man at the wheel; that he ran around the front of the car and had one foot on the running board and his hand on the steering wheel when he was pushed off and the car started. The thief made away with the automobile. Shortly afterward it was found, badly damaged, but the two telescope cases, with their contents, were never recovered nor was the thief apprehended. George Mark testified that he was asked to watch the car; that as he stood facing the front of the car, with one foot on the running board next to the curbing and his left elbow on the window sill, a strange boy jumped

into the car from the opposite side; that he (Mr. Mark) called and that Harvey ran to the car and tried to stop it. It appeared in evidence that the thief was aided in stealing the car by some confederates who were in another automobile.

The insurance policy was introduced in evidence. It stated that it covered loss of the insured property arising from any cause except " . . . loss or damage to property insured hereunder whilst in or upon any automobile . . . unless such conveyance is attended at the time the loss occurs by a permanent employee of the assured, or by a person whose sole duty is to attend the conveyance and who at such time shall remain in or upon the conveyance . . ."

The importance of this exception in the policy was well known to the parties for it had been the subject of discussion before the policy was issued. The policy was issued in response to plaintiff's written proposal which was made a part of the policy and the basis of it, and the assured warranted the truth of each and every particular and statement contained therein. Attached to the proposal was a "rider" which gave the names and addresses of Milton M. Epstein and Harvey M. Epstein as the employees of the assured who would have the jewelry in their custody outside the assured's premises. It also stated that when the jewelry was carried by automobile it would be in the custody of two people. The assured objected to this clause as it did not wish to warrant this under the policy, anticipating that occasions might arise when only one person would be in custody of the jewelry while on the road. To this objection defendant's agents wrote: "We must point out at this time, however, that the assured should bear in mind the policy excludes loss from an unattended automobile, so that whether one or two men have the custody of the stock is immaterial in the event that a loss occurs from an unattended automobile."

The general rules governing the construction of a policy of insurance are the same as those established for the con-

struction of other written instruments. The policy is to be construed so as to ascertain and carry out the intention of the parties as it appears from the language of the whole instrument. The words employed are to be taken and understood in their plain, ordinary, usual and popular sense and given a fair, reasonable and sensible construction. 32 C. J. 1148; 14 R. C. L. 925. A contract of insurance is to be construed like any other contract and if its language is plain there is little room for construction. *Maryland Fidelity Co.* v. *Spokane Interstate Fair Assn.*, 44 A. L. R. 468.

Defendant contends that it is not liable under the exception in its policy above quoted because the evidence proves that the jewelry was in an unattended automobile when it was stolen.

The exception clearly distinguishes between what is required of a "permanent employee of the assured" and " a person whose sole duty is to attend the conveyance and who at such time shall remain in or upon the conveyance." Harvey Epstein was the "permanent employee of the assured" who had the jewelry in his custody outside the assured's premises. It is clear that he was not in attendance upon the automobile at the time the jewelry was stolen. He was about forty feet from the automobile, attending to another matter.

Does the evidence prove that Mr. Mark was "a person whose sole duty is to attend the conveyance and who at such time shall remain in or upon the conveyance"? The phrase "shall remain in or upon the conveyance" fixed the place where the person attending the automobile was required to be when the property insured was "in or upon any automobile." The same phrase is used both in reference to the property insured and the person attending the automobile. Both must be "in or upon" the automobile. "Opportunity makes the thief." If Mr. Mark had been in the automobile probably the thief would not have entered. There is no evidence that the thief then knew the jewelry was in the automobile.

We are of the opinion that the evidence proves that plaintiff's loss was not covered by the insurance policy because plaintiff failed to comply with the requirements contained in the exception above quoted. For this reason defendant's exception is sustained.

October 3, 1932, plaintiff may appear and show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for defendant.

HAHN, J., dissents.

*Ira Marcus,* for plaintiff.

*Greenough, Lyman & Cross, George Paul Slade, Lincoln S. Ferris, Frank N. Crosby of New York Bar,* for defendant.