This was a suit to recover upon a policy of burglary insurance, instituted in the court of a justice of the peace and heard upon appeal in the Superior Court, where a jury trial was waived. It was agreed that the judge should hear the evidence, find the facts, and render judgment thereon. *Page 294 
The pertinent provision of the insurance policy, Sec. VI, was as follows: "To indemnify the assured for loss not exceeding two hundred fifty dollars ($250.00), of merchandise, furniture, fixtures, and equipment, occasioned by BURGLARY, which shall mean the felonious abstraction of such property from within such premises, by any person or persons making felonious entry therein by actual force and violence when the premises are not open for business, of which force and violence there shall be visible marks made upon the exterior of the premises at the place of such entry, by tools, explosives, electricity, or chemicals."
The court found the following facts:
"1. That the defendant issued and delivered to the plaintiff its policy of insurance No. 2255912, the original of which was introduced upon the trial of this cause.
"2. That the said policy was in full force and effect on 11 September, 1935.
"3. That on the said 11 September, 1935, two boys, to wit, Leo Nodine and George Hall, entered Stamey's store in Spindale, N.C. and stole certain merchandise of the value of $76.39.
"4. That there are two screen doors at the back door of said store, where same was entered, the said screen doors opening outward, and when closed fit very tightly together, there being no lock or hinge or latch of any sort on said screen doors, and that before inserting the master key into the door, by which entry was effected, the said screen doors were opened by inserting a screwdriver or some other instrument between the edges thereof, and that by means of said screwdriver or other instrument said screen doors were opened, so that the thieves were able to insert the pass-key into the main door, and that in opening said screen doors an indenture was made upon the same about half the size of a five-cent piece.
"5. That after opening said screen door as recited above, the said Leo Nodine and George Hall, by the use of a master key, entered the back door of said store, and that neither the back doors to the store nor the windows were injured, scarred, or broken in any manner whatsoever, and that there were no visible marks of entry upon the exterior of the premises except upon the screen door as stated.
"6. That the said Leo Nodine and George Hall were subsequently indicted in the Superior Court of Rutherford County for breaking and entering said Stamey's store, and pleaded guilty of said offense, and stated to the court that they prized the screen door open, entered the store by means of a pass-key.
"Upon the foregoing findings of fact, which are not excepted to by either the plaintiff or the defendant, the court is of the opinion that the *Page 295 
defendant is liable to the plaintiff for the value of the merchandise which was stolen from the plaintiff's store."
It was thereupon adjudged that the plaintiff recover of the defendant $76.39, and defendant excepted to the judgment and appealed.
The findings of fact by the court below are supported by evidence, and upon these findings it was correctly held that the breaking and entry, by means of which plaintiff's goods were stolen, came within the terms of the burglary insurance contract.
This is the first case presented to this Court relative to burglary insurance, but numerous cases from other jurisdictions, bearing on the subject, will be found annotated in 41 A.L.R., 853; 44 A.L.R., 468; and 54 A.L.R., 467.
The finding that the screen doors of plaintiff's store were opened by means of a screwdriver or other instrument, leaving visible marks on the doors of force and violence by tools, brings this case within the terms of the policy.
Judgment affirmed.