SHATTUCK & JONES, INCORPORATED *vs.* THE TRAVELERS
INDEMNITY COMPANY.

Suffolk.   May 6, 1948. — June 30, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Insurance*, Burglary insurance.

Mere proof of felonious entry into premises by pushing back from out-
side a horizontal metal bolt across the inside of a divided door, evi-
denced by scratches on the bolt not shown to have been made by
"tools," would not be sufficient for recovery of loss under a burglary
insurance policy whose terms required proof of felonious entry "by
actual force and violence" of which "there shall be visible marks made
upon the exterior of the premises . . . by tools, explosives, electricity
or chemicals," even assuming that the operation of the bolt was "actual
force and violence."

CONTRACT.   Writ in the Superior Court dated June 9,
1947.

The action was tried before *Dillon*, J.

*Lee M. Friedman*, (*T. D. Burns* with him,) for the plaintiff.

*John J. Sullivan*, for the defendant.

LUMMUS, J.   The plaintiff brings this action of contract
upon a policy of burglary insurance issued by the defendant,
to recover for a loss sustained during the night of February
25, 1947, by the breaking into its building on Atlantic
Avenue in Boston and the stealing therein of a large quantity
of fish.   At the trial the judge directed a verdict for the
defendant, and the plaintiff excepted.

By the policy the defendant insured the plaintiff against
loss by larceny from the premises "by any person or persons
making felonious entry into the premises by actual force
and violence when the premises are not open for business,
of which force and violence there shall be visible marks
made upon the exterior of the premises at the place of such
entry by tools, explosives, electricity or chemicals."   The
policy differs from that in *Shulkin* v. *Travelers Indemnity
Co.* 267 Mass. 160, in that the "visible marks" must be
"upon the exterior" of the premises.

The evidence most favorable to the plaintiff may be summarized as follows. The rear door is divided vertically into two parts. A bolt about six inches long runs horizontally on the inside of the door and fastens the two parts together. It was an old bolt and was corroded. The wood of the door at the junction of the two parts was worn, and light from the outside shone through. On the morning of February 26, 1947, the door stood partly open, although it had been closed and bolted the night before. On that morning for the first time scratches one half to three quarters of an inch long were found on the under side of the bolt, but there was no evidence that they were fresh scratches, or that anyone had examined the bolt before. There was nothing to show that the scratches could not have been caused by the working of the bolt in the bands that held it to the door.

We assume that the ordinary manipulating of the bolt to open the rear door satisfied the requirement of "actual force and violence." *Commonwealth* v. *Stephenson*, 8 Pick. 354. *Husch Brothers* v. *Maryland Casualty Co.* 211 Ky. 97, 103. *National Surety Co.* v. *Silberberg Bros.* (Texas Civ. App.) 176 S. W. 97, 98.

But under the policy it was not enough that there be "visible marks" of "force and violence." Those marks had to be made, so far as this case is concerned, by "tools." In this case we think there was no evidence that the scratches on the under side of the bolt were made by "tools." For all that appears those scratches may have been made by the ordinary manual operation of the bolt in the bands that held it to the door. In our opinion there was no error in the direction of a verdict for the defendant.

*Exceptions overruled.*