LEWITON, J.
The defendant claims to be . *[89] aggrieved by the refusal of the trial judge to grant two of its requests for rulings, in an action of Contract based upon an insurance policy issued by the defendant. The court made a finding for the plaintiff after refusing to grant the following requests:
“2. The plaintiff has not sustained the burden of proving that his loss occurred under circumstances entitling him to payment by the defendant corporation and .under the terms, conditions and warranties of the policy of insurance referred to in the plaintiff’s declaration.
3. The plaintiff has not sustained the burden of proving that his loss occurred as the result of a ‘felonious entry by actual force and violence’ within the meaning of the policy of insurance referred to in the plaintiff’s declaration.”
The policy in suit provided that it should apply to cover loss by burglary “from within the home of the . . . [plaintiff], committed by a person who shall have made felonious entry into such . . . home by actual force and violence, of which force and violence there shall be visible marks made by tools or explosives upon such . . . home at the place of such entry.”
The material evidence may be summarized as follows:
The plaintiff and his wife occupied an apartment on the third floor of a new building into which they had moved some five or six months previous to the incident involved in this case. On Sunday, April 30, 1950, at about 1:00 A. M., the plaintiff returned to his home from his place of business and secreted over $700 in a bureau drawer in the apartment. Thereafter, the plaintiff and his wife left their apartment for over two hours on the afternoon of the same day, and for about four hours in the evening of the same day. Upon returning at midnight, “they entered the apartment in the usual way by turning a key in the lock which is set in the knob on the front of the door.” Neither then nor on their earlier return did they observe anything out of order in the apartment, or any indication that anyone had been in the apartment in their absence.
*[90] At about 5:30 A. M. on Monday, the next day, the plaintiff went to the bureau drawer for the money he had secreted there and found that it was missing. Several hours later, the plaintiff and his wife discovered that other sums which they had placed in drawers in various places in the apartment were also missing.
The plaintiff reported his loss to his insurance broker who testified that he inspected the premises to discover some evidence of a forcible entry into the apartment. The only marks he observed were five or six deep scratch marks on the outside of the front door leading into the apartment, at the outer edge of the door, near the knob. While this witness expressed the opinion that “the marks were fresh,” he said that he had no knowledge as to the condition of the door previous to the time of his examination after the loss was called to his attention.
A witness for the defendant, on cross-examination testified that entrance might have been gained to the apartment by means of a piece of celluloid.
In our opinion, the trial court should have granted the requested rulings. It is elementary that the plaintiff is not entitled to recover in this action unless he sustains the burden of proving that the loss for which he sues is within the terms of the insurance policy. Shulkin v. Travelers’ Indemnity Co., 267 Mass. 160, 161; Murray v. Continental Ins. Co., 313 Mass. 557, 560; Rosen v. Royal Indemnity Co., 259 Mass. 194, 196; Smith v. Travelers’ Ins. Co., 219 Mass. 147, 150. More particularly, he had the burden of proving that the entry into his apartment was made “by actual force and violence” and that there were visible marks of such force and violencé made by tools or explosives, at the place of such entry. Shulkin v. Travelers' Indemnity Co., 267 Mass. 160, 161; Shattuck & Jones, Inc. v. Travelers’ Indemnity Co., 323 Mass. 146; Rosenthal v. American Bonding Co., 207 N. Y. 162.
In our opinion, the reported evidence is insufficient as matter of law to prove these essential elements. Though the plaintiff places great reliance on the scratch marks on the front door, there was no evidence to show that entry to the apartment was in fact achieved by means of that door. In this respect, the case differs materially from those in which there has been evidence that a particular door, window, *[91] or other means of entry was found ajar, or that a lock in such a door has been broken or removed. Shattuck & Jones, Inc. v. Travelers’ Indemnity Co., 323 Mass. 146; Joseph, Inc. v. Alberti, Carleton & Co., Inc., 232 N. Y. S. 168; affirmed in 251 N. Y. 580; Stamey’s, Inc. v. Travelers’ Indemnity Co., 211 N. C. 293. Here, the front door was at all material times found secured in precisely the same manner and condition as it had been before the occurrence of the loss. In the absence of evidence as to the security condition of other means of entry to the apartment, we do not feel that an inference of entry by means of the front door may properly be drawn merely from the presence of the scratches, particularly since there was no testimony from the plaintiff or any other witness that those marks were not present on that door prior to April 30, 1950. The testimony of the insurance broker that the marks he saw on the door on May 1, “were fresh” is not sufficient to support a finding that they were made after 1:00 A. M. on the preceding day, in the light of his further testimony that he had no knowledge as to the condition of the door before that date.
David Feinstein, Atty. for plff.
Mary W. Fidler,, Atty. for deft.
Nor are the missing elements of proof supplied by the testimony of the defendant’s witness that “entrance might have been gained ... by means of a piece of celluloid.” From the report, it does not appear that there was any evidence as to the method whereby entrjr might be accomplished with such a device, or any evidence that the scratch marks on the front door were such, as would be made, or even might be made, by the use of a piece of celluloid for that purpose.
Thus, in our view, the evidence failed to show where the entry was made, or that the entry was effected by actual force and violence, or that there were any visible marks of such force and violence at the place of entry.

Finding for plaintiff vacated.

Judgment for defendant.