FENTON SHAW

*vs.*

THE HOME INSURANCE CO.

Aroostook, ss.

PER CURIAM.

This is an action to recover on a policy of fire insurance. The defendant insured the one and one-half story frame building and additions structurally attached, with combustible roof covering, including foundations and all landlord's fixtures thereto while therein or thereon as a part of the building, while used for dwelling purposes only $3,000;

Also

On frame building, including additions structurally attached with non-combustible roof covering and landlord's fixtures thereto and known as Potato House #1 and attached to dwelling #1 by ell $7,000.

Between the time the contracts of insurance were issued and the fire, the plaintiff altered the ell and the barn. The barn became a potato house. The ell was used as a milk separator room, and it was used to store utensils, and wood, and for a shed. It was also used as a garage for plaintiff's automobile and the roof was raised and the west wall was extended. These changes cost at least $3,000; and the plaintiff also used the ell for the storage of spare parts, a drill, a press, and a welding machine.

The plaintiff did not notify the defendant of such remodeling before the fire; but there was no requirement that **required him so to do**. The damages on the ell, if there is to be any recovery at all, are not claimed to be excessive. The question is whether or not there can be any recovery as a matter of law for fire damage to the ell.

The sole question is whether the ell was covered. Was it a question for the jury whether the ell was under the policy structurally attached to the house and used for dwelling house purposes only? That is a permissible interpretation of the contract of insurance and was for the jury to determine.

A standard policy of insurance such as this is prepared by the insurers and should be interpreted most strongly against the defendant. *Barnes* v. *Dirigo Mutual Fire Insurance Co.*, 122 Me. 486; it is a question of fact for the jury. *Giberson* v. *York County Mutual Fire Insurance Co.*, 127 Me. 182. A literal construction of a fire insurance policy is not favored by the courts. *Bragdon* v. *Shapiro*, 146 Me. 83. The words "structurally attached . . . and used for dwelling purposes only" are words of description and not words of prohibition on the use of the building.

The verdict is not against the evidence or weight of evidence.

*Motion denied.*

*George V. Blanchard,* for plaintiff.

*George B. Barnes,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.