FARM BUREAU MUTUAL INS. CO.

*vs.*

ROBERT L. WAUGH, ERNEST L. HAMMOND AND LAWRENCE J. HAMMOND

Aroostook.   Opinion, March 18, 1963.

*Scott Brown,*
*Berman, Berman, and Berman,*
   by *C. Martin Berman of Lewiston,* for Plaintiff.

*Albert M. Stevens,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.   MARDEN, J., did not sit.

SULLIVAN, J. Plaintiff instituted a complaint for a declaratory judgment, R. S. (1954), c. 107, § 38 ff. Defendants answered and a hearing was had before a justice who ordered a judgment adverse to the plaintiff. Plaintiff has appealed.

Ernest L. Hammond, defendant, owned a passenger automobile and the plaintiff had issued to him its "Family Combination Automobile Policy" which in its pertinent content reads as follows:

"PART 1 - - LIABILITY

— — — — — — — — — — — — — — — — — — — — — — — — — — — — —

Coverage A - - Bodily Injury Liability;
Coverage B - - Property Damage Liability;
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' sustained by any person;

— — — — — — — — — — — — — — — — — — — — — — — — — — — — —

arising out of the ownership, maintenance or use of the owned automobile - - - - and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, - - - - - Persons Insured; The following are insureds under Part 1:

(a) With respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;

— — — — — — — — — — — — — — — — — — — — — — — — — — — — —

'named insured' means the individual insured in item 1 of the declarations and also includes his spouse, if a resident of the same household;

'insured' means a person or organization described under 'Persons Insured;'

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

'owned automobile' means a private passenger, farm or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile;

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

'private passenger automobile' means a four wheel private passenger, station wagon or jeep type automobile;

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DECLARATIONS

Item 1, Named Insured and Address;
Hammond, Ernest J.
R F D 1
Easton, Me."

Ernest L. Hammond had a son, Lawrence J. Hammond, a defendant here, aged 20, who was a resident in his father's household. During the term of the policy, one evening Ernest L. Hammond permitted his son, Lawrence, to drive the automobile for the latter's recreation. The son was accompanied as a passenger by the third defendant, Robert L. Waugh, a neighbor and friend. Waugh enjoyed a standing and continuous permission from Ernest L. Hammond to drive the automobile. During their ride Lawrence J. Hammond became sleepy and requested Waugh to operate the car. Waugh drove only 500 feet when the vehicle left the road and Lawrence J. Hammond became injured.

Through its complaint the plaintiff seeks to ascertain authoritatively if it must defend Robert L. Waugh in an action, believed to be imminent, against Waugh to be brought by Lawrence J. Hammond and if the plaintiff within the limits of its policy would be beholden to Lawrence J. Hammond to pay any recovered judgment.

Plaintiff contends that the policy confers no coverage for injuries to the assured's son, Lawrence, who "cannot reap the financial benefits of the policy and thus enrich himself from the funds of his own insurance company."

The justice below ruled:

"Upon the wording of the policy with which we are here involved and a study of the authorities referred to, it is held:

(1) That the plaintiff is obligated under its policy to the plaintiff, Lawrence Hammond, as an injured person, assuming of course, that liability under the facts is established."

The facts in the case at bar are established by the findings of the justice below and are not disputed.

The policy explicitly obligated the plaintiff to pay on behalf of an insured all legal damages which the latter should become liable to satisfy for actionable bodily injuries sustained *by any person.* By the policy the plaintiff undertook to defend any suit against an insured person for such damages. Robert Waugh was indisputably a person insured in as much as his use of the automobile at the time of the accident was by consent of Ernest L. Hammond, the named insured.

Plaintiff contends nevertheless that it is not bound by the policy either to defend Robert Waugh in a suit by the injured Lawrence J. Hammond for bodily injuries or to satisfy any damages awarded in such action. Lawrence J. Hammond had become an insured person under the policy because of his residence in his father's household and because of his usage of the automobile by permission of his father. But plaintiff argues that Lawrence J. Hammond cannot exact compensation from the plaintiff for his bodily injuries as the purpose and fulfillment of the policy were to hold an insured person harmless as to the bodily injuries of others and not at all to recompense an insured person for

his own personal injuries. In fine the plaintiff's contention is that the policy is not to be misconstrued or distorted into an undertaking of personal accident coverage for an insured person but must be regarded as affording only protection to an insured from public liability and not as contemplating indemnity of one insured person against a fellow insured.

For the judicial construction of policies of insurance this court has adopted and soundly applied certain rational canons.

> "No rule, in the interpretation of a policy, is more fully established, or more imperative and controlling, than that which declares that, in all cases, it must be liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to indemnity, which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations that which will sustain his claim and cover the loss must, in preference, be adopted. While courts will extend all reasonable protection to insurers, by allowing them to hedge themselves about by conditions intended to guard against fraud, carelessness, want of interest, and the like, they will nevertheless enforce the salutary rule of construction, that as the language of the condition is theirs, and it is therefore in their power to provide for every proper case, it is to be construed most favorably to the insured. May on Insurance, Sec. 175, Note 1. The same author, by way of illustration, says: 'Thus, if a stipulation be ambiguous and no light can be thrown upon it in accordance with the received principles of law, from extrinsic evidence, the doubt is to be resolved against the party by whom and in whose favor the stipulation is made. Idem. The object of the contract being to afford indemnity, it will be so construed in case of doubt, as to support rather than to defeat the indemnity provided for. - - - - -"
>
> *Barnes* v. *Ins. Co.*, 122 Me. 486, 491.

" 'The conditions of an insurance policy should be considered liberally in favor of the insured.' Bartlett v. Union Fire Insurance Co., 46 Maine, 500. 'A forfeiture is to be construed strictly. Its enforcement is not to be favored.' North Berwick Co. v. New England Fire Insurance Co., 52 Maine, 336 - - "
*Russell* v. *Fire Ins. Co.*, 121 Me. 248, 252.

" 'In case of ambiguity, or inconsistency, it is often said that the court will give the policy a construction most favorable to the assured, for the reason that as the insurer makes the policy and selects his own language he is presumed to have employed terms which express his real intention.' Dunning v. Accident Ass'n., 99 Me., 390, 394, 59 A., 535."
*Langevin* v. *Prudential Ins. Co.*, 132 Me. 392, 396.

" - - - - Ambiguities in an insurance contract are resolved against the insurer - - - - "
*Reliable Furniture Co.* v. *Trust Co.*, 138 Me. 87, 90.

"A standard policy of insurance such as this is prepared by the insurers and should be interpreted most strongly against the defendant - - - - "
*Shaw* v. *Home Ins. Co.*, 146 Me. 453, 454.

"A contract of insurance, like any other contract, is to be construed in accordance with the intention of the parties, which is to be ascertained from an examination of the whole instrument. All parts and clauses must be considered together that it may be seen if and how far one clause is explained, modified, limited or controlled by the others. Blinn v. Ins. Co., 85 Maine, 389. Smith v. Blake, 88 Maine, 247."
*Swift* v. *Insurance Co.*, 125 Me. 255, 256.

The pertinent provisions of the insurance policy in the case at bar contain no ambiguities. Insurer and insured have expressed in plain language an undertaking by the plaintiff to defend and to indemnify an insured person, an authorized operator of the automobile, against the personal injury claim of, and for damages awarded to, "any person"

without exception here applicable. Plaintiff had enjoyed full contractual freedom when it issued the policy. Had the insurer plaintiff elected to except from policy coverage bodily injuries to insured persons it could have effected its purpose with trifling effort. *Sibothan* v. *Neubert* (Mo.), 168 S. W. (2nd) 981, 982; *Frye* v. *Theige,* 253 Wis. 596, 34 N. W. (2nd) 793, 794.

The defendant Waugh is personally obligated to Lawrence J. Hammond for any actionable and demonstrated damages. Waugh, an additional insured, was at the time of the accident plainly covered by the plaintiff's policy and accordingly entitled to its protection. Plaintiff has thus obligated itself to defend Waugh in a suit by Lawrence J. Hammond for the actionable injuries of the latter and if Waugh be adjudged legally liable for Hammond's bodily injuries plaintiff must discharge its financial responsibility for their compensation to the extent of its policy monetary limit.

*Farm Bureau Mut. Ins. Co.* v. *Garland* (N. H.), 126 A. (2nd) 246; *Maryland Casualty Co.* v. *U. S. Fidelity and Guaranty Co.,* 91 Ga. App. 635, 86, S. E. (2nd) 801; *Rodriguez* v. *State Farm Mut. Ins. Co.* (La.), 88 So. (2nd) 432; *Aetna Casualty etc. Co.* v. *Gen. Cas. Co.,* 140 N. Y. S. (2nd) 670; and authorities cited in the foregoing decisions.

The mandate must be:

*Appeal denied.*