206 A.2d 460.

HENRY GORMAN & SON, INC. *vs.* AMERICAN SURETY COMPANY OF NEW YORK.

JANUARY 20, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This action of assumpsit to recover under an insurance policy for damages sustained as a result of the theft of the plaintiff's property is before us on its exception to the decision of the trial justice sustaining the defendant's demurrer to the amended declaration.

The declaration alleges in substance that certain insured property of plaintiff was left by one of its salesmen in the locked trunk of his automobile. It was stolen after the automobile had been moved by an unknown person from where it had been parked by the salesman after being securely closed and locked.

Attached to the declaration as an exhibit is a copy of the insurance policy issued by defendant and in effect at the time of the theft. In pertinent part it provides coverage in the insuring clauses against all risks of physical loss or damage to property consisting principally of costume jewelry while in the custody of the insured's salesmen. Under clause 3, an exclusionary provision, no coverage is provided for "the property while left unattended in or on any automobile or motorcycle." It is further stipulated, however, under the extended coverage provisions of clause 7 that the policy covers "the property insured while contained in unattended automobiles against the risk of theft due to forcible entry into the automobile of which there is visible evidence at point of entry * * *."

The plaintiff argues that neither the exclusionary nor the extended coverage provisions are applicable and that re-

covery may be had under the insuring clauses upon the mere showing of a loss by theft of any property insured. As grounds for that argument it contends that the property was not "left unattended" when stolen and was not "in or on any automobile" at the time of its theft because the trunk is not a part of an automobile.

In support of these contentions it cites only *Sally Chain Stores, Inc.* v. *Ace Bonded Carriers, Inc.,* 307 Ill. App. 644, where under a similar policy and on like facts the court held that a policy provision excluding coverage for "theft *from* automobiles or trucks when left unattended" was not applicable where the thief took the contents after driving away the motor vehicle. In other words, that court found that once stolen a parked, unoccupied automobile lost its "unattended" status and that the policy's exclusionary provisions were not applicable to a subsequent theft of the insured property.

That decision is not persuasive because we find nothing in the policy there construed permitting a distinction as between insured property stolen before as contrasted with such property stolen after the theft of an automobile in which it had been left. Moreover, this court has previously refused to recognize any such distinction.

In *Princess Ring Co.* v. *Home Insurance Co.,* 52 R. I. 481, an automobile which had been parked by insured's permanent employee was stolen. Missing upon recovery of the stolen vehicle were two telescope cases containing jewelry which had been left in a locked compartment of the automobile. Loss or damage to jewelry under the policy upon which the suit was brought was covered except "whilst in or upon any automobile . . . unless such conveyance is attended at the time the loss occurs by a permanent employee of the assured . . ." In construing that language we attached no significance to whether the theft of the insured property preceded or followed that of the automobile and

180

we held that the jewelry was in an unattended automobile when it was stolen.

We reaffirm our decision in that case and hold both on its authority and on the only fair and reasonable construction which can be given to the unambiguous provisions of the policy that the insured property in this case was "left unattended" at the time of its loss.

We need not labor plaintiff's contention that a fair, reasonable and sensible construction of the phrase "in or on any automobile" in the context in which it is found in this policy does not include the vehicle's trunk. So to construe it would be to disregard the plain, normal and popular meaning which the word "automobile" as here employed has acquired in common, everyday speech. This we cannot do. *Princess Ring Co.* v. *Home Insurance Co., supra; Grenon* v. *Metropolitan Life Ins. Co.*, 52 R. I. 453. We hold, therefore, that the insured property was "in or on" the salesman's "automobile" when it was stolen.

From what we have said, it is clear that if the plaintiff is to recover, it must be under the extended coverage provisions of clause 7. A forcible entry into the automobile and visible evidence thereof at the point of entry is a condition precedent to any such recovery and failure so to allege is fatal to the declaration. *C. & G. Manufacturing Co.* v. *Columbia Insurance Co.*, 89 R. I. 62.

The plaintiff's exception to the sustaining of the defendant's demurrer is overruled, and the case is remitted to the superior court for further proceedings.

*Albert J. Hoban,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for defendant.