George P. LIMBERIS and
Mary D. Limberis

v.

AETNA CASUALTY AND SURETY
COMPANY.

Supreme Judicial Court of Maine.

March 11, 1970.

Edward Stern, Bangor, for plaintiff.

Mitchell & Ballou, by John W. Ballou, Bangor, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

WEATHERBEE, Justice.

It is stipulated that on June 23, 1968 while the Plaintiffs' automobile was unattended in the parking lot of a Waterville motel a number of articles of value were stolen from the trunk of the car.

At that time there was in effect a Homeowners Policy issued by the Defendant which insured Plaintiffs against certain losses but excluded loss by theft of property in an automobile away from home unattended "unless the loss is a result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully inclosed and locked luggage compartment, of which entry there are visible marks upon the exterior of the vehicle".

It appears that a similar policy was made available by the company with less stringent exclusions but at a somewhat higher premium.

The Presiding Justice who heard the matter without a jury found that the Plaintiffs had left their car with doors and luggage compartment closed and locked and that the thief had in some manner opened the car door and then opened the glove compartment which contained a button which in turn opened the lid over the luggage compartment. When the car was examined after the theft the right front door was closed but unlocked with the inside locking button being "up" and the glove compartment was open. There were no visible marks of forcible entry on the exterior of the vehicle. The facts he found are undisputed.

The Justice ruled that the Plaintiffs were entitled to judgment. He construed the requirement that there be visible marks of forcible entry upon the exterior of the vehicle to have been a contractual safeguard against the possibility of fraud. As it was undisputed that a theft from a locked vehicle had in fact taken place he reasoned that the fact that the thief had succeeded in gaining access to the luggage compartment without leaving visible marks of forcible entry on the vehicle's exterior was no defense to the insurance company who had engaged to compensate Plaintiffs for loss by theft.

The Justice added that *if* the presence of visible marks of forcible entry upon the exterior is necessary to Plaintiffs' recovery, then the position of the door locking button in its "up" position and the open door of the glove compartment would constitute such visible marks of entry.

The matter comes to us on Defendant's appeal. Our problem is the construction of the policy's exclusionary clause.

It appears that many policies insuring against theft from dwellings, safes and vehicles contain language limiting recovery to instances where entry was made by force and where there were visible marks from such an entry upon the exterior of the object entered. A few cases involving such limitations have reached the courts of final jurisdiction of the states and there are numerous reported decisions on such

issues from the intermediate appellate courts.

National Surety Co. v. Silberberg Bros., Tex.Civ.App., 176 S.W. 97 (1915) is frequently cited as representative of the point of view which is here under appeal. In *Silberberg* the Court held that the requirement that there should be "visible marks upon the premises" of the actual force and violence used in making the entry was ambiguous and therefore should be construed most favorably to the insured. There the entry had been made by the usual procedure of throwing open a bolt with a key. The Court held that the requirement of "force and violence" was satisfied by the force ordinarily used to open a bolt and that the apparent open position of the bolt, seen through a space between door and frame, constituted a visible mark on the premises.

The Massachusetts Court has also found "force and violence" present in the mere throwing of a bolt but held that the presence of scratches under the bolt which could have been made by the ordinary manual manipulation of the bolt failed to satisfy the policy's requirement as "visible marks * * * of such entry by *tools*. * * *" (Emphasis added.) Shattuck & Jones, Inc. v. Travellers Indemnity Company, 323 Mass. 146, 80 N.E.2d 313 (1948).

The great majority of the Courts reach an opposite conclusion from that arrived at in *Silberberg* and by our Presiding Justice and we find their reasoning convincing. The majority rule is that followed by the Maryland Court in Offutt v. Liberty Mutual Insurance Co., 251 Md. 262, 247 A.2d 272 (1968) which involved facts almost identical to our own. The theft had been from a car the doors and windows of which had been closed and locked. The position of a door keyhole indicated the door had been unlocked and opened. Plaintiffs' policy of insurance covered only thefts "due to forcible entry (of which forcible entry there must be visible signs at point of entry)". The Court ruled that the position of the keyhole was not a visible sign of forcible entry and that picking a lock or using a master key did not constitute forcible entry as the term is understood, remarking that the policy did not insure against *surreptitious* entry but against *forcible* entry. The Court said:

"The policy was not intended to cover all risks. The premium was undoubtedly set accordingly."

The Rhode Island Court in Henry Gorman & Son, Inc. v. American Surety Company of New York, 99 R.I. 177, 206 A.2d 460 (1965) held that recovery under a policy limiting thefts from an unattended vehicle to instances "due to forcible entry into the automobile of which there is visible evidence at the point of entry" could be had only upon allegation and proof of both the forcible entry and the visible evidence thereof, even though the vehicle itself had been stolen.

In Schubach v. American Surety Co. of New York, 73 Utah 332, 273 P. 974 (1929) robbers held Plaintiff's clerk and two members of his family at gun point while a safe was being opened by some non-violent manner. It was held that the Court's refusal to instruct the jury that if the safe was opened by use of the combination and key or in some other manner without force and violence leaving visible marks on the safe (as the policy required) there could be no recovery.

In Continental Insurance Company v. Cooper, Tenn.App., 430 S.W.2d 661 (1968) it was held that the presence of ample evidence of force and violence within the vehicle did not do away with the necessity of "external visible marks" of forcible entry.

In Abrams v. National Fire Insurance Company of Hartford, Connecticut, Mun. Court of Appeals for the District of Columbia, 186 A.2d 232 (1962) it was held that although the upright position of a door handle may have been an indication of an *entry* into the vehicle, it was not an indication of a *forcible* entry and that absence of visible marks of forcible entry on the exterior of the vehicle excluded the loss from

the coverage of the policy. See also Frankel v. Massachusetts Bonding & Ins. Co., Mo.App., 177 S.W. 775 (1915).

In deciding issues involving contracts of insurance we have frequently affirmed our acceptance of several widely accepted canons of construction. In case of ambiguity, a policy of insurance is given the construction most favorable to the insured for the reason that the insurer makes the policy and is presumed to have selected terms which express his real intention. Dunning v. Massachusetts Mutual Accident Association, 99 Me. 390, 59 A. 535 (1904); Reliable Furniture Co. v. Union Safe Deposit & Trust Co. of Delaware, 138 Me. 87, 21 A.2d 834 (1941); Farm Bureau Mutual Ins. Co. v. Waugh, 159 Me. 115, 188 A.2d 889 (1963). However, when there is no ambiguity, the terms of an insurance policy "are to be taken and understood, as a usual thing, according to their plain and ordinary sense". Lunt v. The Fidelity & Casualty Company of New York, 139 Me. 218, 28 A.2d 736 (1942). The terms of a policy cannot be enlarged or diminished by judicial construction. The function of the Court is not to make a new contract, but to ascertain the meaning and intention of that actually made. Johnson v. American Automobile Insurance Company, 131 Me. 288, 161 A. 496 (1932).

Here, as in Farm Bureau Mutual Ins. Co. v. Waugh, supra, we find no ambiguity in the pertinent provisions of the policy. They do not contravene any principles of public policy. The exclusionary clause must be given the meaning which a person of ordinary intelligence would attach to it. The company did not undertake to insure against all thefts from unattended locked vehicles—only against those resulting from a forcible entry and from such a forcible entry as to leave visible marks upon the exterior of the vehicle. While policies containing the exclusion with which we are concerned were doubtless drawn by the Company in recognition of the Company's vulnerability to fraudulent claims for mysterious disappearances as well as to the frailty of human memory —and the premiums determined on that basis—the fact that the Plaintiffs' claim was not a fraudulent or mistaken one does not give the policy holders more coverage than the Company contracted to furnish them. The Plaintiffs were required to present proof of visible marks of forcible entry upon the exterior of the vehicle.

The Plaintiffs rely in part upon McGlinchey v. Fidelity and Casualty Company, 80 Me. 251, 14 A. 13 (1888). There the Defendant had insured Plaintiffs' father against accidental bodily injury excluding that "of which there shall be no external and visible sign upon the body of the assured" and also against death caused "by bodily injuries effected through external, violent and accidental means". The insured's accidental death had left no external visible sign upon his body. The conclusion of the Court was that the context demonstrated that the clause relating to "external and visible sign" applied only to claims for bodily injury and not to claims for accidental death. We do not find that the Court's additional comment that a requirement of presence of external and visible signs of injury in claims for death would be unjust would support our disregarding the unambiguous language of the present policy.

Here the Defendant concedes that the Presiding Justice properly inferred that there had been a forcible entry. The remaining issue facing us is whether the Justice was in error when he found that the "up" position of the door locking button and the open glove compartment, both inside the car, were "visible marks upon the exterior of said vehicle". We find that he was in error. If these were such "marks" they were marks on the interior, although doubtless visible to one standing outside the car.

The Plaintiffs' loss was not covered by their policy with the Defendant.

Appeal sustained. Judgment for Defendant.