ELSIE P. BROY

*v.*

INLAND MUTUAL INSURANCE COMPANY

(No. 13757)

Decided March 15, 1977.

*Archibald McDougall* for appellant.

*Clarence E. Martin, Jr., Wm. Richard McCune, Jr.* for appellee.

MILLER, JUSTICE:

On September 11, 1973, the plaintiff, Elsie Broy, recovered a $7,000 jury verdict against Frances J. Miller as a result of injuries received from being struck by a pick-up truck driven by Mrs. Miller with the consent of the owner of the truck, Arthur Broy, plaintiff's husband.

Execution was issued on the judgment and returned "no property found." Mrs. Broy then brought the present action against her husband's insurance carrier, the Inland Mutual Insurance Company, for the amount of money Mrs. Miller had been adjudged liable.

At the conclusion of the plaintiff's evidence the trial court, upon the motion of the defendant insurance company, directed a verdict in defendant's favor, holding that Mrs. Broy could not recover as a matter of law for either of two reasons. First, if she was a jointly named

insured with her husband on the policy sued upon, she was, in effect, suing herself. Secondly, if not a named insured, the doctrine of interspousal immunity precluded her suit in that her husband was a named insured.[1]

We reverse as to both theories.

Although the plaintiff did not introduce into evidence the insurance policy in existence at the time of the accident, the insurance agent who had issued the policy was subpoenaed and did give some general testimony concerning its provisions.

It does not appear questioned that the insurance policy was a standard form of liability insurance conforming to the provisions of W. Va. Code, 33-6-31(a), which requires that a vehicular liability policy issued in this State shall contain what is commonly called an "omnibus clause." Such provision mandates that coverage be extended to any person who uses the vehicle with the consent, express or implied, of the named insured. Likewise, it is demonstrated from the record that the operator of the vehicle at the time of the accident, Mrs. Miller, was operating it with the consent of Mr. Broy, a named insured.

This suit brought by Mrs. Broy was based on established law that if an insured with coverage under a liability insurance policy does not pay the underlying judgment entered in a personal injury action, the injured plaintiff may institute a direct action against the insurance company to recover the amount of the judgment up to the limits of the policy. *See, Hall v. Ocean Accident & Guarantee Corp.*, 122 W. Va. 188, 9 S.E.2d 45 (1940); *Criss v. United States Fidelity & Guaranty Co.*, 105 W. Va. 380, 142 S.E. 849 (1928); 8 Appleman, Insurance Law and Practice § 4851 *et seq.*

---

[1] Whether the plaintiff had separate insurance coverage or was a jointly named insured with her husband was an issue in dispute at the trial. Plaintiff claimed that she had effectively removed herself from the joint policy prior to the accident and had her own insurance coverage.

We find no cases decided by this Court touching on the question of whether a named insured is precluded from maintaining a direct action against an insurance company on a judgment obtained against a tort feasor who is an additional insured under the policy. In other jurisdictions where this question has arisen, the courts have generally held that such suit can be maintained. *See,* Annot. 15 A.L.R.3d 711. The argument usually advanced by the insurance companies in such cases does not appear to be on the basis that the plaintiff, a named insured, is, in effect, suing himself, but is predicated on the idea that to permit a named insured to recover would be to convert the insurance contract from one of indemnity to a personal accident policy for the benefit of the named insured. *See, Iowa Mutual Insurance Co. v. Meckna,* 180 Neb. 516, 144 N.W.2d 73 (1966); 7 Am. Jur. 2d *Automobile Insurance* § 128; 7 Appelman, Insurance Law and Practice § 4409; 12 Couch on Insurance 2d § 45:483.

Even this theory has certain conceptual deficiencies. The indemnity aspect of the policy is still maintained since the person indemnified is the additional insured arising out of the omnibus clause provision. The fact that an injured named insured may receive a pecuniary benefit does not change the basic indemnity contract as to the negligent additional insured. Some courts have settled the problem by observing that an insurance policy is to be strictly construed against the insurer and, in the absence of any exclusionary language, which could easily be placed in a policy to preclude recovery in this type of situation, suit may be maintained. *Iowa Mutual Insurance Co. v. Meckna, supra; Farm Bureau Mutual Insurance Co. v. Waugh,* 159 Me. 115, 188 A.2d 889 (1963); *Bachman v. Independence Indemnity Co.,* 214 Cal. 529, 6 P.2d 943 (1931).

This Court has consistently followed the general principle that insurance contracts are to be strictly construed against the insurance company and in favor of the insured. *Prete v. Merchants Property Insurance Co. of Indiana,* ____ W. Va. ____, 223 S.E.2d 441 (1976); *Polan*

*v. Travelers Insurance Co.*, 156 W. Va. 250, 192 S.E.2d 481 (1972).

We, therefore, conclude that where an additional insured causes injury to a named insured under an automobile liability policy, the named insured may, in the absence of any exclusionary language to the contrary, maintain a direct action against the insurance company to recover the amount of the judgment rendered against the additional insured. Here, with no evidence of any exclusionary language and armed with the statutory requirement of the omnibus clause, W. Va. Code, 33-6-31(a), plaintiff should not have been directed out of court on this point.

The alternate basis for the lower court's ruling was that if plaintiff was not a named insured the doctrine of interspousal immunity precluded her from maintaining the action against her husband's liability insurer just as she would be precluded from bringing a direct action against her husband.

West Virginia recognizes the interspousal immunity doctrine, which arises out of the common law rule that one spouse cannot maintain action against the other for damages from personal injuries. *See, Campbell v. Campbell*, 145 W. Va. 245, 114 S.E.2d 406 (1960), and cases cited therein. While the blanket immunity extended by this doctrine may be subject to question, we need not now review its merits since there are no facts in this case to support such a defense.

At no time did Mrs. Broy bring suit against her husband for the injuries she received in the accident, nor did she join him in the present suit against the insurance company. It would indeed be an imaginative extension of the interspousal immunity doctrine to conclude that it arises because Mrs. Miller, the negligent party in the original action, is an additional insured under the insurance policy of plaintiff's husband. The contractual relationship between the named insured and additional insured with the insurance company is one of indemnity. The additional insured, Mrs. Miller, is a member of the

class of persons to whom the right of indemnity coverage extends under our statutory requirements relating to the omnibus clause. It is this right of indemnity which Mrs. Broy seeks to have the insurance company honor in the present suit and it is entirely independent of her relationship with Mr. Broy.

The insurance company is not drawn into this litigation through any negligence of Mr. Broy and it cannot raise his marital status as a defense to the independent act of the additional insured. While insurance contracts play an important role in our society, they do not broaden a marriage contract. Generally, in order for the doctrine to be properly raised, the suit must be between husband and wife. This is not the case here.

Finally, it appears that there was some confusion as to how the request for admissions under Rule 36, West Virginia Rules of Civil Procedure, was to be handled at trial. It appears from the record that the request contained not only statements of matters of fact, but also went to the genuineness of certain documents described in and attached to the request. The trial court had, by order prior to trial, ruled that all requests were deemed admitted since the defendant had not made timely response to the request as provided in Rule 36.[2]

At the trial, plaintiff's attorney sought to read the request directly to the jury, but the trial court ruled that this could not be done as there were questions of relevancy and prejudice involved in some of the admitted requests. This Court has not had occasion to discuss the handling of Rule 36 at trial. West Virginia Rule 36 is identical to former Rule 36 of the Federal Rules of Civil Procedure as it existed prior to the 1970 amendments to the Federal Rules. Lugar & Silverstein, W. Va. Rules p. 287. However, the 1970 amendment to Rule 36 of the Federal Rules did not deal with the mechanics of how

---

[2] From the record before us, it does not appear that the defendant sought by motion and notice to obtain additional time to respond to the request on either of the two grounds provided in Rule 36.

such admissions are to be used at trial. Indeed, both our Rule 36 as well as Federal Rule 36 are silent on this subject.

This Court has made the general observation that the West Virginia Rules of Civil Procedure do not materially change the juridical rules providing for determination of the admissibility of evidence and the competency of witnesses to testify. *First National Bank of Ronceverte v. Bell*, ____ W. Va. ____, 215 S.E.2d 642, 645-46 (1975).

The Federal practice as to Rule 36 admissions is that when offered at trial they are subject to all pertinent objections to admissibility which may be interposed at trial. 4A Moore's, Federal Practice ¶ 36.80; Wright & Miller, Federal Practice and Procedure: Civil § 2264. We concur and conclude that the trial court was correct in refusing to permit the entire request to be read to the jury when there were portions containing irrelevant and prejudicial material. Once such matters have been deleted, it is then appropriate to read the admissions to the jury.

For the reasons outlined above, the directed verdict in favor of the defendant is set aside and this case is remanded for a new trial.

*Reversed, remanded,*
*new trial awarded.*