Johns, P. J.
This is an action of tort or contract in which the plaintiff seeks to recover for personal injuries sustained as a result of plaintiff’s eating a portion of a walnut fudge bar which he purchased from defendant. The case is presented to us as a sale of a portion of a walnut fudge bar to the plaintiff by the defendant. No question arises on the declaration, one count of which is for negligence and the other for breach o-f warranty. Defendant’s answer is a general denial and contributory negligence.
*87 The judge in the court below ruled at the defendant’s request that the defendant could not be found negligent and no question based upon this ruling is before us.
The sole question left arises under defendant’s request 8, to wit:
8. The evidence does not warrant a finding that the plaintiff gave the defendant the notice required by Massachusetts General Laws (Ter. Ed.) chapter 106, section 38.
This was denied by the trial judge. The report contains all the material evidence.
The facts are that it could be found that the defendant, engaged in the manufacture and sale of candy at retail, on January 15, 1936, at about 7:30 o’clock P. M. sold to plaintiff a fudge bar with walnuts on top of it; that upon the same day plaintiff was taken ill from eating it; that the declaration in this action alleged the sale to have taken place January 18, 1936; that in answer to interrogatories propounded to him by the defendant, plaintiff testified that the accident occurred January 18, 1936 at 9 o’clock in the evening. It further appeared that the first and only notice the defendant ever received of the accident was in the form of a letter as follows:
“Jan. 20, 1936.
‘ ‘ Connelly’s 337 Union Street,
Lynn, Massachusetts.
“Gentlemen:
“I have been retained by Charles Fishbein of this city to proceed and recover damages from you because of injuries sustained by him as the result of the purchase of chocolates from your store which were not wholesome and was covered with worms; that Mr. Fish *88 bein ate part of said.chocolates and they made him ill and he suffered great pain.
“Please communicate with me at once with reference in this matter.
Very truly yours,
Signed: Harry C. Mamber.”
It is the contention of defendant that this letter does not comply with the terms of G. L. (Ter. Ed.) c. 106, §38, which provides in the case of a sale . ... “If after acceptance of the goods a buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to have known of such breach, the seller shall not be liable thereafter.” It is to be noticed that all the statute requires is notice to the seller of the “breach of any promise or warranty within' a reasonable time after the buyer knows or ought to have known of such breach. ’ ’
Therefore, the sole question in this case is, — was this letter, written by plaintiff’s attorney, a “proper and sufficient notice of the breach of warranty within a reasonable time after plaintiff knew or ought to have known of such breach”?
The notice here relied upon does not satisfy the statute. For one matter there is m> evidence in the case that the article called “chocolates” in the notice, is the same as a “walnut fudge bar,” alleged in the declaration and relied upon in the evidence as the cause of the injury. Some notice of the article sold and to which an injured person ascribes his injury must have been within the province of the statute above referred to.
In Idzykowski v. Jordan Marsh Co., 279 Mass. 163, it was held that a verdict was rightly entered for the defendant “because the plaintiff failed to prove that she gave proper and sufficient notice of the breach of warranty within rea *89 sonable time after she knew or ought to have known of such breach.” In Jamrog v. J. L. Handy Co., 284 Mass. 195, 198, it was held that such a notice, of the character of the one in this case, “must refer to particular sales, must fairly advise the seller of the alleged defect and specify with reasonable certainty in what the breach consists.” In the absence of any proof that “chocolates” referred to in the letter of plaintiff’s attorney, is one and the same thing as a “walnut fudge bar,” one is unable to say that the notice in the case at bar is a compliance with the statute. The notice fails because it fails to advise the seller of the article purchased and causing the injury.
The purpose of the notice required in cases of this kind is for the protection of sellers against belated claims. Idzykowski v. Jordan Marsh Co., 279 Mass. 163, 167, but certain matters are required in the notice to be given, such as the name of the food which was alleged to be defective. In the absence of this, the notice is not good. Johnson v. Kanavos, Mass. Adv. Shts. (1937), pp. 193, 197. In other words, where there is a variance between the notice given and the proof, there can be said to be, as in the case at bar, a failure to give the notice required by G. L. (Ter. Ed.) c. 106, §38.
There is also a deficiency in the notice in that it fails to identify the sale relied upon with the sale that actually took place. Idzykowski v. Jordan Marsh Co., 279 Mass. 163. The evidence not only warranted a finding for the defendant, but required such a finding.
An order will be made reversing the finding for plaintiff and ordering judgment for defendant.