GRACEY *v.* AMERICAN AUTOMOBILE INS. CO.

(*Nashville*, December Term, 1948.)

Opinion filed March 11, 1949.

MILTON WILLIAMS, of Memphis, for plaintiff in error.

GEORGE T. LEWIS, JR., of Memphis (WARING, WALKER, Cox & LEWIS, of Memphis, of counsel), for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a suit on a "Commercial Robbery and Burglary Policy" issued by the American Automobile Insurance Company to R. H. Gracey, doing business as Weona Food Store No. 42, located at 797 Breedlove in Memphis, Tennessee.

The plaintiff was given a judgment in the General Sessions Court for the amount claimed to have been lost. An appeal was taken to the Circuit Court and that court sustained defendant's motion for a directed verdict at the conclusion of the plaintiff's evidence. The plaintiff appealed to the Court of Appeals where there was an affirmance of the judgment of the Circuit Court. The case is now before us by petition for *certiorari*, the plaintiff, petitioner, filing assignments of error and complaining that courts below should have allowed him a recovery for the amount sued for plus 25% as a penalty, etc.

The assignments of error do not comply with Rule 14 of the Court. What purports to be eight assignments of

232

error are merely eight separate arguments of facts in support of petitioner's theory of the case, that is that the burglary was not an "inside job" and he should be allowed to recover on the policy. The provisions of the policy are clear and unambiguous. The insured was covered subject to the following conditions:

" 'Burglary' means the felonious abstraction of insured property from within the insured's safe, chest, or vault by any person or persons making felonious entry into such safe, chest, or vault, if any, containing such safe or chest, when all doors thereof are closed and locked by all combination and time locks thereon; provided such entry shall be made by actual force and violence, of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals upon the exterior of . . . "

There is no contention made that anything but the safe was insured. The evidence that there was an entry upon the premises by violence is wholly irrelevant in determining the question of liability.

The sole question is whether or not there was a breaking open of the safe by actual force and violence. There is no evidence whatever that there were any marks upon the safe made by tools, explosives, electricity, gas or other chemicals. This being the case the Circuit Court and the Court of Appeals concurred in holding that plaintiff's loss was not covered.

The insurance policy, which is the initial agreement between the parties, limits the insurer's liability in that there can be no recovery unless there is evidence of external violence used in opening the safe, and such as are expressly mentioned in the conditions.

It is beside the point to argue that there was no proof that it was an "inside job." While all the wit-

nesses for the plaintiff who had access to the safe testified they did not remove the contents of the safe tends to support the plaintiff's theory that it was not an "inside job" still this is not determinative of the question of liability. It is true that some leading authorities have said that the conditions, found in this and similar policies, were made to relieve the insurer of all liability where the crime was committed by persons "on the inside"; in other words those who knew the combination to the safe, or who had an opportunity to enter the safe when it was not locked. But we think the limitation goes further and relieves the insurer from liability where the safe is opened by one who is an expert in opening iron safes by solving the combination. He may be an outsider who has no connection with those in charge of the safe. It is a matter of common knowledge that many persons are engaged in the business of opening safes by expertly working the combination. Also there are many thieves who are experts in the same line. We think the provision of the policy, relied on by respondent, which relieves the insurer of liability when the crime is an "inside job", that is by persons such as we have mentioned, also relieves it from liability if it is committed by an outsider who is an expert in solving combinations on locks and safes, or who may steal the contents of a safe when it happens to be left unlocked. One is just as hazardous as the other. Where there are no marks of violence upon a safe that is robbed no one could tell whether it was an "inside job" or by an outsider, or that the contents of the safe was removed by a thief when it was left unlocked. The policy sued on in the instant case clearly limits liability to cases of forcible entry, evidenced by visible marks upon the safe itself. The testimony of one or more witnesses that the safe was locked by the

petitioner is not determinative. We look to the express provisions of the policy as controlling the question of coverage.

The cases cited by the Court of Appeals support the conclusion that there is no liability. The condition in question is fully discussed in Couch's Cyclopedia of Insurance Law (1929 Ed., V. 5, Sec. 1184(c) 4234), as follows:

"On the contrary, an entry into a safe by working the combination is not a forcible or violent entry by the use of tools or explosives, even though such manipulation is made possible by force previously applied to the safe. Nor does the term 'forcible entry' of a safe, as used in a burglary policy insuring against forcible entry by the use of tools, explosives, chemicals, etc., cover entry by use of a key. And a forcible and violent entrance leaving visible marks, is not effected where the burglar drugged the night watchman and entered and left by the use of the latter's keys and the orderly operation of the usual bars and latches on the doors, and the only evidence of force or violence was the disarrangement of the insured stock of goods. . . .

"Naturally, where the policy limits liability to cases of forcible entry or exit, evidenced by visible marks, no recovery can be had for loss by theft, larceny, or mysterious disappearance, where there are no visible marks of violence. Nor are conclusive visible marks of forcible and violent entry into the safe' established by photographs showing one or two small indentations upon the face of the combination dial of the safe, it also appearing that the combination was in good order after the burglary, and that the lock responded to the manipulation of the tumblers in the proper manner."

Our own case of *Orr & Co.* v. *Great American Indemnity Co.*, 174 Tenn. 257, 124 S. W. (2d) 714, 715, relied

on by petitioner, "involved an ambiguity and is not in point other than on the principle that if the insured brings himself within the terms of the policy, he is entitled to recover; otherwise not." The Court of Appeals thus distinguished the case from the one now before us. Moreover the case differs in that the policy held by Robert Orr & Co. did not indemnify it against loss of money in a safe within a vault. The defense made there was the same as is now interposed. In disposing of the question Mr. Justice McKinney said: "This defense would probably prevent a recovery if it was a theft from the safe rather than from the vault that was covered by the policy."

*Certiorari* is denied.

All concur.