Allan ABRAMS and Elizabeth Abrams,
Appellants,

v.

NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT,
a corporation, Appellee.

No. 3049.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 15, 1962.

Decided Dec. 6, 1962.

Saul M. Schwartzbach, Washington, D. C., for appellants.

Peter R. Cella, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

Plaintiff sued upon an insurance policy for the loss of personal property claimed to have been stolen from the locked luggage compartment of his automobile. The trial court denied recovery on the ground that the loss was excluded from coverage by the terms of the policy. The question here is the correctness of that ruling.

The provision in question states that the policy is inapplicable to theft of property

"while unattended in or on any automobile, * * * unless the loss is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment, of which entry there are visible marks upon the exterior of said vehicle."

The allegedly stolen property was taken from the luggage compartment of plaintiff's 1950 two-door Chrysler coupe. On this model the luggage compartment is opened by a locking mechanism and handle forming a single unit attached to the trunk lid. When the trunk is locked the handle is in

a perpendicular position. In order to open the lid the handle must be turned to a ninety-degree angle. Plaintiff testified that on the night before the loss was discovered he had parked his car, locked both doors and tested the door handles and trunk handle to make certain that the car was securely locked; that when he entered his car the next morning and slammed the door, the trunk lid sprang open and he discovered that the property—tools worth $810—was missing. At that time he noticed that the trunk handle, instead of being perpendicular, was at an eighty-degree angle. Later, when the locking mechanism was removed from the trunk lid, it was discovered that one portion of the collar surrounding the lock cylinder had been broken off and another portion bent, with the result that the handle could be twisted in any direction without hindrance.

Plaintiff's theory was that the entry to the trunk was effected by application of sufficient force to the handle to break the lock. He conceded there was no scratches, dents or scars on the trunk lid or on the outside of the locking mechanism. The trial court, finding as a fact that "there were no visible marks of any nature upon the exterior" of the trunk compartment, denied recovery.

The exclusionary clause quoted above sets up four requirements which must be met to bring the claim within the coverage of the policy: (1) the luggage compartment must be fully enclosed and locked; (2) there must be a forcible entry; (3) there must be visible marks of the forcible entry; and (4) such visible marks must appear on the exterior of the vehicle.

The evidence fairly disclosed that the first requirement was met, and we assume, though it is open to doubt, that the second requirement of a forcible entry was met. The third requirement that there be visible marks, plaintiff says, was met by proof of the position of the lock handle at an eighty-degree angle, rather than perpendicular, and proof of the broken collar within the locking mechanism. Assuming that the handle position may be considered a mark in the sense of a sign or indication, that is not enough; for there must be a sign or indication of forcible entry. The handle position may have indicated an entry, but the court was not required to find it to be a mark or sign of a forcible entry.

The second visible mark, as plaintiff contends, was the broken collar in the locking mechanism. The broken collar clearly could be considered a mark of forcible entry, but it was neither visible nor was it on the exterior of the automobile. It was visible only after the locking unit was detached from the trunk lid, visible only in the same sense that the smallest working part of an automobile engine would be visible if the engine was sufficiently disassembled. To say that the broken collar was visible under these circumstances would be to unreasonably stretch the meaning of that word.

There is even less substance to the argument that the broken collar was on the exterior of the vehicle. The argument is that the collar is on the exterior because the unit which houses it is on the exterior of the luggage compartment lid. "Exterior" is defined by Webster's International Dictionary as "the outward surface or part of a thing." When the handle and lock unit are attached in their normal position and serving their normal function, the lock unit is not exterior to the vehicle. The requirement of the policy is that the mark must be visible on the exterior of the vehicle, which it clearly was not.

In summary, the luggage compartment handle could be considered a visible mark on the exterior of the vehicle, but it was not a sign of forcible entry; the broken collar could be considered a mark of forcible entry, but it was not visible on the exterior of the vehicle. The loss therefore was not within the coverage of the policy.

Affirmed.

CAYTON, J., dissents.