## Western District

### GEORGE W. and KATHRYN HERO

v.

### HOLYOKE MUTUAL FIRE INSURANCE COMPANY

Argued: March 8, 1966.        Decided: April 7, 1966.

*Present*: Garvey, P.J. and Allen, J.

Tried to *Macintosh, J.* in the First District Court of Eastern Worcester No. 7184-1965.

*Garvey, P.J.* This is an action upon a home-owners policy of insurance in which the plaintiffs seek damages for loss by theft of clothing from their motor vehicle. After a trial there was a finding for the plaintiffs. The defendant claiming to be aggrieved requested a report.

Summarized the trial justice found that on March 7, 1965 the plaintiffs, husband and wife, stopped at Phoenix, Arizona on their way to Glendale, California. That evening they went to a greyhound race track, leaving their motor vehicle in a parking lot with the windows closed and doors locked, with their summer clothing suspended from a rod above the rear seat. Upon their return to their car after the races they found "a window in the vehicle was partly open, a door was unlocked, and all the clothing of the female plaintiff was gone". He then found that "the thief forced a window open sufficiently to insert an arm and open the door lock; that the word 'mark'* as used in this policy is to be interpreted as 'a sign' or 'an indication' according to a definition in Webster's dictionary; the open window was a 'visible mark upon the exterior of said vehicle'; that the manipulation of the door lock was a 'forcible entry' into the vehicle".

One of the exclusions in the policy reads: "This policy does not apply . . . to loss away from the premises of . . . property while unattended in or on any automobile. . . unless the loss is the result of *forcible entry.* . . in-

to such vehicle while all doors and windows thereof are closed and locked. . . *of which entry there are visible marks upon the exterior of said vehicle*". (Emphasis supplied.)

"The burden was on the plaintiff to prove that the loss was within the description of the risks covered." *Tumblin v. American Insurance Company,* 344 Mass. 318, 320.

We need not decide if the reported evidence was sufficient to support the trial justice's finding of "forcible entry" because the second essential element of the plaintiff's proof is missing. An open window and unlocked door, in a motor vehicle, do not constitute "visible marks on the exterior of said vehicle" of "forcible entry".

No Supreme Judicial Court decision has been cited or found interpreting the exclusionary language used in this policy. Cases from other jurisdictions are collected in 169 ALR 235-242. The most cited case dealing with the "visible marks on the exterior" requirement is *Rosenthal v. American Bonding Co.,* 207 N.Y. 162. There burglars entered the premises by an unlocked door, held the employees at gunpoint and stole merchandise. In holding there could be no recovery the court said: "The entry 'must create visible traces upon the premises themselves which survive the act that produces them, and which being seen, are evidence of a burglary'. . . ."

Evidence that the door handle of the trunk of a motor vehicle left in a locked perpendic-

ular position found unlocked in an angular position, and a collar within the locking mechanism broken, was held insufficient to permit recovery for loss of personal property stolen from the trunk under a policy of insurance containing a "visible marks on the exterior" clause. *Abrams v. National Fire Insurance Company*, (Dist. Col.) 186 A2d 232. The Appellate Division for the Municipal Court for the City of Boston in *Robotnick v. The Employers Liability Assurance Corp., Ltd.*, 3 Mass. App. Div. 88 denied recovery on evidence of five or six deep scratch marks near the outside knob of a door leading into an apartment where money was stolen in the absence of testimony as to when the marks were made. *Compare Shattuck & Jones, Inc. v. Travelers Indemnity Co.*, 323 Mass. 146 and *Shulkin v. Travelers Indemnity Co.*, 267 Mass. 161.

It was error to deny the request of the defendant (a) that the evidence did not warrant a finding for the plaintiffs and (b) that there was no evidence of "visible marks" of a forcible entry upon the exterior of the vehicle.

*Judgment for the defendant is to be ordered.*

Stobbs, Stockwell & Tilton of Worcester for the plaintiffs.

Cryan and Way of Boston for the defendants.