CONTINENTAL INSURANCE COMPANY, Plaintiff-
in Error, v. JANE C. COOPER, Defendant-in-Error.
—430 S.W.(2d) 661.

Middle Section. February 23, 1968.

Certiorari Denied by Supreme Court August 5, 1968.

Russell G. Lazenby, Jr., of Glasgow, Adams & Taylor, Nashville, for plaintiff in error.

S. Ralph Gordon, of Murphy, Gordon & Allen, Nashville, for defendant in error.

TODD, J.  This is an appeal in error by defendant, Continental Insurance Company, from a non-jury judgment in favor of the plaintiff, Mrs. Jane C. Cooper, for loss of personal property by theft under the terms of a "home-owners" insurance policy.

The policy upon which this suit is based contains the following provisions:

"Exclusion applicable to property away from described premises: This policy does not apply as respects this peril to loss away from the premises * * * (b) property while in or on an unattended automobile * * * unless the loss is the *result of forcible entry* either into such vehicle while all doors and windows are closed and locked or into a fully enclosed and locked luggage compartment, *of which entry there are visible marks upon the exterior of said vehicle.* * * *" (emphasis supplied)

The facts, as recited in the judgment of the trial court, are as follows:

"The Court finds that the Plaintiff parked her automobile, locked the outside doors and windows. When she returned to her automobile, the door was open about

three inches; the dome light was on; the personal effects on the back seat of the car were missing and the glove compartment had been prized or jimmied open and mud was on the rear seat; that this loss was the result of a forceful entry in such vehicle while all doors and windows were closed and locked."

In addition to the facts found by the trial judge, the bill of exceptions contains uncontradicted testimony by both plaintiff and her witness that there were no "scuff marks" or "marks from tools or any other kind of instrument" on the outside of the automobile. The lock on the glove compartment inside the car "just wouldn't work", but no marks were found on the exterior of the glove compartment.

Plaintiff's witness testified without contradiction that the particular model of automobile was especially subject to easy entrance because of the arrangement and construction of its windows and door lock levers; that, by use of a bent wire coat hanger, the door could be unlocked and opened without leaving any visible marks upon the exterior; that the witness, himself had performed this operation 10 to 20 times to retrieve keys locked in cars.

The sole assignment of error is as follows:

"The trial court erred in failing, as matter of law, to dismiss plaintiff's suit."

This being a non-jury case, judgment of the Trial Court comes to this Court for hearing de novo accompanied by a presumption of its correctness unless the evidence preponderates otherwise. Sec. 27-303, T.C.A.

■ Where, however, there is no conflict in the evidence, the questions presented by the appeal are entirely

questions of law. Robinson v. Kemmons Wilson Realty Co., 41 Tenn.App. 297, 293 S.W.2d 574 (1956) and cases cited therein. This is especially true because of the form of the assignment of error. Defendant insists that the language of the policy, quoted supra, is plain and unambiguous and that the parties are bound thereby, that is, the uncontroverted fact that there were no "visible marks upon the exterior of said vehicle" brings the loss squarely within an exclusion of the policy and precludes plaintiff's right of recovery for the loss.

Plaintiff responds that the requirement of "visible marks" is not a prerequisite to liability, but that the "visible marks" clause merely imposes, or attempts to impose, a rule of evidence upon the assured to establish that entry was made by actual force and violence. Therefore, insists the plaintiff, if entry by force and violence be proven by other evidence satisfactory to the court, recovery should be allowed in the absence of visible marks. Plaintiff also insists that the term "visible marks" is synonymous with "visible evidence", and that the exterior door ajar and inoperative glove compartment lock were sufficient "visible evidence" to justify a recovery.

Both parties have respectable authorities to support their positions. Some are distinguishable by the difference in terms of the policy involved or the facts of the case, but it cannot be denied that the decisions cited by counsel, and many others, are irreconcilably divergent in attitude toward and interpretation of the "visible external marks" clauses of insurance policies.

On the one hand are the decisions based upon the premise that an insurance company ought not to be permitted to evade its liability for a bona fide loss because of

an abstract technicality inserted in the policy for such a purpose. Among such decisions are Ferguson v. Phoenix Assurance Co. of New York, 189 Kan. 459, 370 P.2d 379, 99 A.L.R.2d 118 (1962); National Surety Company v. Silberberg Bros., Tex.Civ.App., 176 S.W. 97 (1915); Blacknall v. Maryland Casualty Co., Tex.Civ.App., 52 S.W.2d 288 (1932); National Surety Co. v. Chalkley, Tex.Civ.App., 260 S.W. 216 (1924). All of the foregoing involve losses from buildings or safes. None involves a loss from an automobile.

Among the cases denying recovery for lack of "visible marks" are Henry Gorman & Son, Inc. v. American Surety Co., R.I., 206 A.2d 460 (1965); Abrams v. National Fire Insurance Co., D.C.Mun.App., 186 A.2d 232, 2 A.L.R. 3d 804 (1962); Northwestern Casualty & Surety Co. v. Barzune, Tex.Civ.App., 42 S.W.2d 100 (1931); Schubach v. American Surety Co., 73 Utah 332, 273 P. 974 (1929). Two of the foregoing involve theft from an automobile.

Many other cases are collected and discussed in American Law Reports articles, 169 A.L.R. 224, 99 A.L.R.2d 118, and 2 A.L.R.3d 804. A study of these three excellent articles and the cases cited therein will readily disclose the lack of judicial unanimity on the general subject, however the reported opinions on thefts from automobiles are more consistent.

In Abrams v. National Fire Insurance Co., supra, recovery was denied for loss of articles from the trunk of an automobile where the locking mechanism had been broken internally without leaving any external mark of violence. The abnormally turned position of the lock handle was ruled not to be a visible mark of forcible entry.

In Weil v. Pennsylvania Fire Insurance Co., 58 N.J. Super. 145, 155 A.2d 781 (1959) recovery was denied for loss from an automobile trunk where access could have been gained to the trunk by removing the rear seat, and the only external mark was a bent bumper which was not shown to be connected with the opening of the trunk.

In Jeanveaux v. Prudential (Ont.) 4 DLR 714 (CA) (1947) and Petrie v. Millers Mutual Fire Insurance Co., La.App., 115 So.2d 228 (1959), recovery was denied for lack of visible external signs of forcible entry.

Research has disclosed no reported opinion wherein recovery has been allowed in spite of the lack of external visible marks upon an automobile as required by the policy.

The only Tennessee decision bearing upon the issue is Gracey v. American Automobile Insurance Co., 188 Tenn. 230, 218 S.W.2d 735 (1949), wherein the plaintiff sued for loss of contents of a safe. The policy, which insured only the contents of the safe, provided that coverage was limited to the result of felonious entry of the safe "by actual force and violence, of which there shall be visible marks * * * upon the exterior (of the safe)". There were no such marks upon the safe (although clearly it had been opened) and plaintiff insisted that marks of violent entry upon the exterior of the building were relevant. In sustaining a directed verdict for the defendant, the Court said:

"The evidence that there was an entry upon the premises by violence is wholly irrelevant in determining the question of liability."

\* \* \* \* \* \*

"The insurance policy, which is the initial agreement between the parties, limits the insurer's liability in that there can be no recovery unless there is evidence of external violence used in opening the safe, and such as are mentioned in the conditions." (188 Tenn. at 232, 218 S.W.2d at 736).

\* \* \* \* \* \*

"It is true that some leading authorities have said that the conditions, found in this and similar policies, were made to relieve the insurer of all liability where the crime was committed by persons 'on the inside' \* \* \*. But we think the limitation goes further and relieves the insurer from liability where the safe is opened by one who is an expert in opening iron safes by solving the combination. \* \* \* The policy sued on in the instant case clearly limits liability to cases of forcible entry, evidenced by visible marks upon the safe itself. The testimony of one or more witnesses that the safe was locked by the petitioner is not determinative. We look to the express provisions of the policy as controlling the question of coverage." (188 Tenn. at 233, 234, 218 S.W.2d at 736)

■■ The foregoing pronouncement placed Tennessee firmly in the list of jurisdictions wherein policy requirements of visible marks in a particular place are enforced. Although this position is buttressed by that of many other jurisdictions and needs no apology or defense, a short discussion of its reasonableness in respect to personalty stolen from automobiles is in order.

It is a matter of universal knowledge that articles in automobiles are more subject to pilferage than those

located in a home. It is equally well-known that there are many degrees of security of closure of automobiles. Some have no top at all, some have canvas tops, some have glass with insecure rubber joints, some have more secure arrangements of steel frames for glass. There are various degrees of lock-security. Some locks are easily "picked" without keys, some are opened easily with "master keys" and some may be opened only by a single key or by an extremely skilled locksmith. There are various degrees of strength of internal mechanism of locks. Some may be broken internally by a minimum of force which does not mar the exterior. Others are so rugged that the force necessary to open the lock will certainly make visible marks upon the exterior.

With these well-known facts in mind, it is quite logical and understandable that an insurer might be quite willing to insure the contents of an automobile which could not be entered except by such force as would mar the exterior, but would be unwilling to insure the contents of an automobile which could be entered with far less effort. Certainly the cost of insurance on the latter risk would be justifiably higher.

As stated in the dissent to Ferguson v. Phoenix Assurance Company of New York, supra:

"In this day and age a person gets just about what he pays for—whether it be insurance protection or anything else—and that is what happened here. The clause in question is plain, clear and unambiguous, and, such being the case, should be enforced according to its terms in harmony with the universal rule pertaining to insurance contracts." 370 P.2d at 388.

It is insisted that it is patently unfair and misleading to sell a policy of insurance which purports to protect property from theft where an obscure technicality will defeat the rights of the unwary policy-holder.

In the present case, the policy was a "homeowner's package policy" designed primarily to protect dwelling house and contents. The limited protection of property away from the dwelling was a "fringe benefit" of the policy, and not its principal purpose.

Furthermore, it is well known that the Commissioner of Insurance and Banking of this State exercises supervisory control over permissible and required provisions of hazard insurance policies issued in this state. The restraint of improper policy provisions or the requirement of proper provisions is more properly exercised by the legislative or regulatory authority in advance of the making of the contract than by the courts after the parties have already made a binding contract.

We respectfully disagree with the conclusion of the Trial Judge. The judgment is reversed, the suit is dismissed, and the costs are adjudged against the defendant in error, Jane C. Cooper.

Reversed and dismissed.

Shriver and Puryear, JJ., concur.