*Western District*

## THOMAS E. BURZYNSKI AND HELEN BURZYNSKI

### v.

## NORFOLK AND DEDHAM FIRE INSURANCE COMPANY

Argued: Feb. 10, 1972 - Decided: March 10, 1972

*Present:* Garvey, P.J., & Cimini, J.

Case tried to: *Walsh, J.* in the District Court of Springfield, No. 211357.

**Garvey, P.J.** This is an action of contract in which the plaintiffs seek damages for loss, by theft, of personal property from a motor vehicle under the terms of a policy of insurance issued to them by the defendant insurance company. There was a finding for the defendant and the plaintiffs claimed a report. There was no error.

"At the trial there was evidence that the automobile of the plaintiff, Thomas E. Burzynski, was stolen on the night of December 11, 1969; that at seven o'clock P.M. on said date, Thomas E. Burzynski, Jr., the son of said Thomas E. Burzynski, had parked said automobile, locked the doors of said automobile and closed all the windows; that the trunk (luggage compartment) was fully enclosed and locked; that at about eleven o'clock P.M. he went to where he had parked said automobile, saw that it was not there, telephoned his father who telephoned the police; that said automobile was found on December 15, 1969, in a damaged condition; that the rear wheels and battery had

been taken; that some of the contents of the glove compartment had been taken; that the boot of the convertible top, which separated the interior of the vehicle from the trunk (luggage compartment), had been slashed; that the ignition lock was broken; that certain personal property had been taken from the trunk (luggage compartment); and that the right door window was pulled out.

"The insurance policy concerned was introduced into evidence. The said policy provided insurance to the plaintiffs against theft of personal property away from the premises of the plaintiffs, subject to the following exclusion: 'This policy does not apply, as respects this peril, to loss away from the premises of: . . . . . . . . . (b) property while unattended in or on any automobile, motorcycle or trailer, other than a public conveyance, unless the loss is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment, of which entry there are visible marks upon the exterior of said vehicle'."

The judge found: "The policy in issue contained the usual exclusion that it did not apply unless there was forcible entry 'of which entry there are visible marks upon the exterior of said vehicle.' There were other conditions as well and I find that the plaintiff sustained the burden of proving them. However, I do find

that the condition of the car as described by the plaintiff did not amount to 'visible marks upon the exterior of the vehicle'."

"The burden was on the plaintiffs to prove that the loss was within the description of the risks covered." *Tumblin* v. *American Insurance Company,* 344 Mass. 318, 320.

In *Hero* v. *Holyoke Mutual Fire Insurance Company,* 34 Mass. App. Dec. 120 (1966) on similar facts, this court had occasion to construe the same language contained in the policy issued to the plaintiffs in the case at hand. There we held that a plaintiff must show (a) "forcible entry" and, (b) "visible marks upon the exterior of said vehicle." Here the judge specifically found "that the condition of the car as described by the plaintiff did not amount to 'visible marks upon the exterior of the vehicle'." This finding, warranted by the evidence, or lack of it, cannot be disturbed by us. *Heil* v. *McCann,* 1971 A.A. 1675.

There was no error in the judge's disposition of the plaintiffs' requests for rulings of law.

**The report is to be dismissed.**

DOHERTY, WALLACE, PILLSBURY & MURPHY
of Springfield
for the Defendant

WILLIAM M. FITZGERALD of Springfield
for the Plaintiffs