FRED T. GIBERSON

*vs.*

THE YORK COUNTY MUTUAL FIRE INSURANCE CO.

Aroostook.    Opinion June 9, 1928.

*A. B. Donworth,*
*Archibalds,* for plaintiff.
*H. T. Powers,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ.

STURGIS, J. The plaintiff owned a dwelling-house with ell and shed attached located on the road leading from Limestone village in Aroostook County, Maine, to California Settlements in the Province of New Brunswick. All of the main house, except a narrow strip along the back, stood in Maine. This strip and a connecting shed were across the line in New Brunswick.

January 26, 1922, the plaintiff insured this property with the defendant Company, placing the insurance through the Company's agents, Lowery & Knight, of Fort Fairfield. The policy described the property as "a 1½ story frame dwelling-house and additions situated in said Limestone, California Road." The premium of $48.75 charged by the Company was paid.

November 9, 1924, two years and ten months after the policy was issued, the buildings burned with total loss, and this action is to recover on the policy.

By agreement of the parties submission to referees was waived, and the defendant's liability limited to $1000. On trial the verdict was for the plaintiff, and the defendant brings the case here on a general motion and exceptions.

At the outset of this opinion we must take occasion to deplore the absence of exhibits which may be of some importance in the determination of the issues here raised. The records of this court

fail to show their receipt in spite of the assurances of counsel and officials of the trial court that they were sent forward.

This court has often had occasion to admonish counsel that exhibits should be printed as a part of the case, and to send forward originals casts the responsibility for their loss on the parties who, for the sake of convenience or economy, so stipulate and agree. The wisdom of this rule of practice is here well illustrated.

We are limited in our consideration of this case to the record before us and the facts there to be found, except as counsel admit on the briefs material facts not printed. We think, however, there are sufficient facts before us to fairly present the issues involved in the controversy and permit a correct determination of the rights of the parties, and on this basis state this opinion.

MOTION.

The defendant seeks a new trial on the grounds that (1) the plaintiff through his agent fraudulently concealed from the insurer that part of the building was located in New Brunswick, (2) that the contract to insure property in New Brunswick was ultra vires and (3) the premises were used for the keeping and sale of intoxicating liquor by the tenant of the insured.

The record discloses that the plaintiff had no direct dealings with the Company's agents, his direct contact being with one Andrew L. Caswell, an insurance broker living in Limestone, who, at the plaintiff's request, made oral application for the insurance to Lowery & Knight by telephone. This oral application over the phone was supplemented by a written application in the form of what is called a farm survey, written out and the answers therein inserted by the agents, Lowery & Knight. It is denied that the plaintiff or the broker saw the application after it was written, signed it or knew of its contents, and no convincing evidence refutes this denial.

Upon these facts, in the absence of fraud chargeable to the plaintiff, the settled rule of insurance must apply. The acts of the Company's agents, Lowery & Knight, in filling out the application, were the acts of the Company, and it is estopped from controverting the truth of the statements in the application in this action on the policy. *Maxwell v. York Mutual Fire Ins. Co.,*

114 Maine, 170; *Guptill* v. *The Pine Tree Insurance Co.*, 109 Maine, 323; *Washburn* v. *The Casualty Co.*, 108 Maine, 429, 434.

The Company asserts that there was fraud on the part of the broker, chargeable to the insured, in placing the insurance with its agents. And it appearing that the plaintiff informed the broker, Caswell, that part of the property to be insured was or might be located in New Brunswick, and that Caswell failed to impart this knowledge to Lowery & Knight, this omission the Company says was a fraudulent concealment, chargeable to the plaintiff, which avoids the estoppel growing out of the agent's acts in filling out the application.

The broker was the agent of the insured, *Richmond* v. *Assurance Co.*, 88 Maine, 105, and the insured is undoubtedly chargeable with any fraudulent representations or concealments of facts material to the risk made by the broker on the strength of knowledge imparted to him by the insured.

Concealment, in the law of insurance, is the designed and intentional withholding of any fact material to the risk which the insured in honesty and good faith ought to communicate. *Daniels* v. *Hudson River Fire Ins. Co.*, 12 Cush. (Mass.), 416, 425. A fraudulent concealment is tantamount to fraudulent misrepresentation.

But the mere failure of the insured to give information as to matters with reference to which no questions are asked is not necessarily a concealment which will avoid the policy. To have such effect the undisclosed matter must not only be material, but there must be a fraudulent intent to deceive. *Washington Mills Mfg. Co.* v. *Weymouth Insurance Co.*, 135 Mass., 503; 26 C. J., 158.

A careful examination of the evidence in the record before us fails to disclose facts which establish fraudulent intent to deceive on the part of the broker. The conversation between the Company's agents and the broker at the time the oral application for the insurance was made is not in evidence. The farm survey, prepared by the agents upon which the policy was issued, described the property to be insured as "situated in Limestone," but there is no evidence that the broker furnished this description or any other. Geographically the Company's agents, Lowery & Knight,

were located in the town adjoining Limestone, and they may have been acquainted with the property insured to an extent that caused them to insert the description in the application of their own initiative and upon their own responsibility. The broker may not have been asked as to the location of the property insured, and his failure, if there was such, to give an accurate and true description may have been without knowledge of its materiality and with entire honesty of intention. The burden is upon the Company to prove the fraud charged. Fraud cannot be presumed, and upon this record is not proved. The Company is bound by its agents' description of the location of the property written into the application, and is here estopped to question its correctness.

The defense that the Corporation was not authorized to transact business in Canada, as stated by its president, cannot bar the plaintiff's recovery. The charter of the defendant Company was not put in evidence. The statutes of this State do not prohibit extra-territorial insurance by domestic companies, and the lack of authority to insure in Canada, which the president asserts, if it refers to non compliance with Canadian regulation of foreign insurance companies, involves legislation which is not before us and of which we have no judicial knowledge. On the record it does not appear that the contract was ultra vires.

The use of the premises for the sale of intoxicating liquors by the plaintiff's tenant, as charged by the defendant, raises a different question. In the policy, a standard form of policy as prescribed by R. S., Chap. 53, Sec. 5, appears the condition that the "policy shall be void if without the assent in writing or in print of the company, the situation or circumstances affecting the risk shall, by or with the knowledge, advice, agency, or consent of the insured, be so altered as to cause an increase of such risk."

The plaintiff's building was insured as a dwelling-house, and undoubtedly its general use for the conduct of a liquor or other business, with the knowledge, advice, agency, or consent of the insured, would constitute an alteration of "situation and circumstances," and if the risks were thereby increased the policy provision would be violated. The defendant charges that the plaintiff's tenant, one Condon, made numerous sales of liquor in the insured property during the life of the policy, that the plaintiff

had knowledge of this fact, and that the risk was thereby increased. The plaintiff denies this charge, and the jury accepted his denial. On disputed facts, the question of increase of risk by change in situation or circumstances, as also the plaintiff's knowledge, etc., are for the jury. *Gilman* v. *Commonwealth Ins. Co.*, 112 Maine, 528; *Atherton* v. *British America Assurance Co.*, 91 Maine, 289; *White* v. *Phoenix Ins. Co.*, 83 Maine, 279; 26 C. J., 558. The verdict of the jury upon this issue discloses no manifest error and must be sustained.

## EXCEPTIONS.

The exceptions here pressed are based on alleged errors in the instructions of the presiding Justice. They cannot be sustained. The conclusions of the Court upon the motion render the instructions objected to immaterial, and if as abstract principles of law they were wrong, they were harmless and worked no prejudice to the defendant.

*Motion overruled.*
*Exceptions overruled.*