USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 96-2220 CAROLINA CASUALTY INSURANCE COMPANY, Plaintiff, Appellant, v. THE CUMMINGS AGENCY, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Robert W. Kline with whom Lisa M. Fitzgibbon and Kline Law _________________ ____________________ __________ Offices were on brief for appellant. _______ Wendell G. Large with whom John B. Lucy and Richardson, Whitman, ________________ _____________ _____________________ Large & Badger were on brief for appellee. ______________ ____________________ April 7, 1997 ____________________ ALDRICH, Senior Circuit Judge. After eliminating _____________________ irrelevancies, unsupported statements and, unhappily, misstatements, a core remains that requires us to consider whether there was error in the district court's granting summary judgment for the defendant. On this appeal,1 the basic facts are these. Plaintiff Carolina Casualty Insurance Co. ("Carolina"), a transportation specialist, wrote a liability policy on Geary and Judith Bonville, d/b/a Bonville Farms ("Bonville Farms"). Subsequently, while a Bonville Farms truck was carrying crushed (scrap) cars the load shifted, and for the resulting accident Carolina was obliged to pay $750,000 in damages. It sues The Cummings Agency, Inc. ("Cummings") for having "produced" the policy, negligently failing to identify that Bonville Farms carried scrap cars -- a higher risk and an undertaking that Carolina would not have accepted. The application, on Carolina's form, as submitted to its general agency for Maine, Surplex Underwriters, Inc. - - who investigated Bonville Farm and approved -- read as follows: "Type of Cargo Carried: (Be specific) Produce, Potatoes, Potash (bagged) and Lumber." It could be found that Cummings had completed the application for Bonville Farms' signature. Even in this court Carolina claims that  ____________________ 1. There is no merit in defendant's claim that the appeal was filed too late. See Lopez v. Corporacion Azucarera de ___ _____ ________________________ Puerto Rico, 938 F.2d 1510, 1514 (1st Cir. 1991). ___________ -2- Cummings signed, too. Very conspicuously, it did not; nor was its signature requested. Cummings' name simply appeared as the "Non-Licensed Producer." Carolina maintains, however, that Cummings "knew or should have known" of Bonville Farms' scrap car operation and should have reported it. Obviously this assumes a duty to inform. The court ruled there was none. We affirm. In order to defeat summary judgment, Carolina was required to come forward with an affirmative showing. See ___ Wightman v. Springfield Terminal Ry., 100 F.3d 228, 230 (1st ________ ________________________ Cir. 1996); Fed. R. Civ. P. 56(c). It showed none with respect to a producer's duty. The court stated it knew of no special meaning for the term producer. Nor do we. In the absence of evidence, we equate it with broker. A broker, under the Maine statute, is "any person who, not being an agent of the insurer, as an independent contractor solicits, negotiates, or procures insurance or annuity contracts or the renewal or continuation thereof on behalf of insureds or prospective insureds other than himself." Me. Rev. Stat. Ann. tit. 24-A, 1506. This means no duty toward the insurer, see Giberson v. York County Mut. Fire Ins. Co., 142 ___ ________ ______________________________ A. 481 (Me. 1928), 127 Me. 182, 185 (1928); cf. 3 Lee R. Russ ___ & Thomas F. Segalla, Couch on Insurance 3d 45:4 (1995), ______________________ -3- witha heavy burden on Carolinato make a special showing here. As there was no independent writing on this subject, nor evidence of a trade practice,2 we turn to the application. Over the "Applicant's Signature" line it is stated that the applicant "represents that the information above is true." As noted ante, the "Non-Licensed Producer," ____ elsewhere identified as the applicant's "agent," represents nothing. We ask a simple question. If the producer is to be taken as making a representation, why is not this the place to ask him to make it? The implication speaks loudly. Viewed independently, what are the practicalities of Carolina's contention? How can a broker afford to make a study in depth of every customer, to the extent that, in case of loss, he is accountable for what he "should have known," not only about the customer, but of the insurer's underwriting standards? Correspondingly, no insurance company is going to depend upon the ability (and industry) of every, non-licensed by it, broker. Plaintiff here did not; it followed its usual custom and commissioned an independent investigation. This makes business sense, both ways.  ____________________ 2. It does appear that Cummings received from Carolina a share of the premium, manifestly payment for having "produced" the insured, but it assumes the point to say that this activity implied any specific obligations. See 3 Lee R. ___ Russ & Thomas F. Segalla, Couch on Insurance 3d 45:4 _______________________ (1995). -4- At the same time, might there not be an intermediate ground? Suppose a broker actually knows facts about his customer that he knows would make him unacceptable, and knows that the would-be insured is filing a false application. Should not the insurer have a right to expect good faith? If some of the hearsay proffers Carolina made here could be broadly accepted, it might have made out a case of fraud. See Giberson, ante. We need not reach this, ___ ________ ____ however. Carolina's brief expressly disclaims making such a claim. Carolina has failed to produce evidence that Cummings' status gave rise to any duty. Therefore Cummings is entitled to summary judgment. The decision of the district court is Affirmed. ________ -5-